A. S. HERREN v. A. W. RICH.

*Specific Performance—Evidence—Parol to Vary Sealed Instrument.*

1. The specific performance of the vendor's agreement to convey land is not a strict right to be enforced at the will of the vendee, but it rests in the sound discretion of the Judge. This is not an arbitrary discretion, but is to be governed by the rules laid down by the Courts of Equity to grant or withhold the relief, as in the particular case may seem equitable and just.
2. In an action for the specific performance of a contract, although the contract is under seal, parol evidence is admissible to show any good reason why the equitable relief demanded should be withheld.

(*Prater* v. *Miller*, 3 Hawks, 628 ; *Falls* v. *Carpenter*, 1 Dev. & Bat. Eq., 237 ; *Faw* v. *Whittington*, 72 N. C. 221 ; cited and approved.)

CIVIL ACTION, tried before *Avery, Judge,* and a jury, at Fall Term, 1886, of HAYWOOD Superior Court.

There was a judgment on the verdict for the plaintiff, and the defendant appealed.

The facts appear in the opinion.·

*Mr. John Devereux, Jr.*. for the plaintiff.
*Mr.· George A. Shuford,* for the defendant.

SMITH, C. J.   The plaintiff's action is to enforce the specific performance of the following sealed contract:

"I have sold to A. L. Herren the lot adjoining his, in the town of Waynesville, on the west, lying between the lot whereon the said A. L. Herren now lives and Academy street, to run with the lines of the lot whereon A. L. Herren lives, and to be of the same width of said A. L. Herren's lot, to Academy street, for the sum of $300, $100 to be paid by the first day of January next, and the remaining $200 to be paid in one and two years, with interest from date.   I bind myself and my heirs to the fulfillment of this obligation, and this obligation on the part of A. L. Herren is void on his failure to comply with his part of it."

The plaintiff alleges that he has paid a great portion of the purchase money, and has tendered and is still ready to pay the residue, upon the defendant's conveying the title to the land according to his undertaking in said bond.

The defendant in his answer, not denying the contract, but in opposition to its specific execution, sets up the following facts: averring that $100 only of the purchase money had been paid, when the parties entered into a parol agreement to rescind the contract, the plaintiff returning the money received, and the defendant surrendering his rights under the title bond; that the defendant afterwards procured and offered to return the portion of the purchase money he had received, whereupon the plaintiff refused to accept it, giving as his reason for refusing, that he had changed his mind, but he did not pay or propose to pay what was still due; nor has he ever so proposed before bringing this suit; that the lot has been all the time in possession of the defendant; and that since the making the rescinding arrangement, the lot has greatly increased in value, during which the plaintiff has remained inactive, awaiting results of which he now seeks to take advantage, by repudiating the last, and falling back upon the original contract.

The plaintiff's replication controverts the allegations in defence.

The only issues passed on by the jury are as to the execution of the title bond—the part of the purchase money paid by the defendant—when paid—and the period during which the defendant has held possession. The Court deemed the defence set up under the subsequent parol contract of rescission and the increased value of the land, inadmissible, and hence as we understand, no issue involving those facts was sent to the jury.

Without passing upon the force of the several other exceptions, we are of opinion that these matters were proper for the consideration of the Court in determining whether the plaintiff, under the circumstances, was entitled to relief in this form.

The specific enforcement of the vendor's agreement to convey land, is not a strict right to be asserted at the will of the vendee. It rests in the sound discretion of the Judge, a discretion not arbitrary, but governed by rules to be found in adjudged cases, to grant or withhold the remedy as in the case may be just and equitable.

" This Court is not obliged," it is said in *Prater* v. *Miller*, 3 Hawks, 628 (634), " to decree a specific performance, although damages might be recovered at law ; but will judge from all the circumstances, whether it is such an agreement as ought to be carried into effect."

The principle that forbids the modification by parol of the provisions of a sealed instrument, and upon which we suppose the proffered testimony of a rescission was refused to be heard, has no application to a case like the present, for any good and sufficient reason may be shown why the invoked equitable assistance should not be given, and for this purpose parol evidence is admissible for the resisting party. " Thus, for instance," in the words of Dr. Story, " courts of equity will allow the defendant to show that by fraud, accident or mis-

take, the thing bought is different from what he intended; or that material terms have been omitted in the written agreement; or that there *has been a variation of it by parol; or that there has been a parol discharge of a written contract.*"    2 Story Eq., Jur. 770; with numerous references in support of the text in a note.

In *Falls* v. *Carpenter,* 1 D. & B. Eq., 237, where the subject both by counsel and by the Court is most carefully and exhaustively considered, RUFFIN, C. J., referring to one of the defences, (page 272), uses this language : " The first objection on the part of the defendant would be fatal if founded in fact.    It is that the contract was expressly rescinded by a subsequent parol agreement," of which, he adds, " there was no evidence in the case."

In *Faw* v. *Whittington,* 72 N. C., 321, BYNUM, J., for the Court, referring to the ruling in the case just cited says : " Such a renunciation, however, would seem to operate, not as passing an estate or interest in the land, which cannot be done strictly under the act without writing, but to operate as an equitable estoppel on the vendee to assert a claim to specific performance, when his conduct has misled the vendor intentionally.    Assuming the law to be that the vendor can abandon, by matter *in pais,* his contract of purchase, it is clear that the acts and conduct, constituting such abandonment, must be positive, unequivocal and inconsistent with the contract."

The testimony offered in our case was to show an express and absolute parol agreement to arrest the contract of sale, and restore the purchase money paid by the defendant to him, and the jury find the plaintiff's resumption of possession on April 1, 1884, nearly twenty months after the last installment of the purchase money fell due, and more than sixteen months before the commencement of the suit; 3 Pom. Eq. Jur., §405.

Moreover, the answer states that the defendant took no written obligation from the plaintiff to pay for the land, the

evidence of which rests in parol, or is found in the defendant's bond.

Nor do we advert to the effect of the vague words of the concluding clause of the bond, which, if susceptible of any reasonable interpretation, would seem to require a strict observance on the part of the plaintiff of his obligation of punctual payment. It cannot mean that the defendant's contract is to become void by his non-compliance with its provisions, and if it has any operation, must mean a release of the defendant upon the. plaintiff's non-compliance with his own undertakings.

Without deciding the point, for reasons already given, there must be a new trial for the error specified.

To this end let this be certified.

Error.                                                          Reversed.