WILSON A. RAMSAY and wife v. DAVID B. GHEEN and W. A. RAMSAY, Ex'rs of GEORGE H. GHEEN.

### *Contract—Specific Performance.*

1. The specific performance of a contract is not a matter of absolute right, but rests in the sound discretion of the Court; if the contract is oppressive or will enable one of the parties to obtain an inequitable advantage in consequence of unforseen events, a Court of Equity will not interfere but leave the parties to their remedy at law.

2. Where a father executed a bond conditioned to convey to his daughter certain lands if she and her husband should move to his home, live with him, cultivate and manage his farm and support him, and he died shortly thereafter while the obligees were engaged in making the necessary removal—they having furnished some necessary supplies; *Held*, that a specific performance would not be decreed.

CIVIL ACTION, tried before *Clark, J.,* at November Term, 1887, of ROWAN Superior Court.

It appeared that George H. Gheen died testate in the county of Rowan on the 21st day of January, 1887, and thereafter the defendants duly qualified as the executors of his will, which latter was duly proven.

The testator executed to the husband plaintiff his bond for the sum of $1,500, and the following is a copy of the condition thereunder written :

"The condition of the above obligation is such, that if the said Wilson A. Ramsay enters into an obligation as agreed upon, to move on to my farm, cultivate the same, all except where George Goodman cultivates, take full charge and management of the same, live with me in my house and support me during my life in a comfortable manner. In consideration of the above agreement, when fully entered into by said Ramsay, and for the further consideration of one dollar to me in hand paid by him, I hereby obligate myself

to make to S. A. Ramsay, wife of said Wilson A. Ramsay, a good and lawful deed in fee simple for one hundred acres of land at the north side of my plantation, said land to be selected by said Wilson A. Ramsay; and when all the above conditions, obligations and agreements are complied with, and the title made to said land as soon as the same can be properly surveyed, then, and in that case, the above obligation to be null and void; otherwise to remain in full force and effect."

It appeared further, that in pursuance of the terms and as contemplated by the said condition, the plaintiffs—husband and wife—removed to the home and farm of the testator on the 14th day of January, 1887; that the *feme* plaintiff remained with the testator to nurse and care for him while the husband, after remaining a few days, furnishing some supplies and making necessary arrangements for the comfort of the testator, returned to the County of Iredell to complete the removal of his effects to the home of the testator; that the testator having died, the plaintiff husband selected, designated and had surveyed the one hundred acres of land as contemplated by the condition of the bond above recited; that he made demand upon the defendants executors, that they execute to the *feme* plaintiff a proper deed of conveyance for the same, and they refused to comply with such demand.

The plaintiffs demand judgment, "that defendants, as executors aforesaid, be required to specifically perform the contracts and covenants set out in said paper writing, by executing to the *feme* plaintiff, S. A. Ramsay, a deed in fee simple for said described tract of land and for costs."

The defendants answered as follows:

"5. For further answer and as a defence to this action, defendants say that the plaintiff Wilson A. Ramsay: (1) failed to perform the stipulations and conditions contained in the said paper writing, in this: that he failed to enter into an

obligation to move on the farm of the said George H. Gheen and support him in a comfortable manner, as provided in said agreement. (2). He did not move upon the farm of the said George H. Gheen in the life time of the said George H. Gheen, and did not support the said George H. Gheen during his life. That said agreement was made and entered into the 4th day of January, 1887, and the said George H. Gheen died on the 21st of the same year and month, and before the said Wilson A. Ramsay, as defendants are informed and believe, had performed any of the conditions and stipulations contained in said agreement."

Upon the facts agreed, the Court gave judgment in favor of the defendants, and the plaintiffs having excepted appealed.

*Mr. Theo. F. Kluttz,* for the plaintiffs.
No counsel for the defendants.

MERRIMON, J., (after stating the case). The purpose of this action is to compel specific performance of an alleged contract appearing and suggested by the condition set forth above of the bond mentioned in that connection.

We need not stop to consider whether or not any executory contract was consumated so as to become operative as contemplated by the terms and purpose of the condition, and whether the defendants might under possible circumstances be compelled to perform it specifically, because conceding that there was such contract, we are clearly of opinion that it is not such a one as the Court ought to require to be specifically performed. The testator of the defendants died a few days after he executed the bond and while the plaintiffs were just beginning to do for him what it was intended they should do, and what it is plain the parties supposed would continue to be done through a considerable period of time—perhaps years. The expectations of the

parties were suddenly disappointed by the unexpected sudden death of the testator. It would, in our opinion, be unjust and unconscionable for the plaintiffs to take the land by virtue of such a contract, when they had done only a very small fraction of the service and benefit to the testator that he and they must have contemplated in making the alleged contract.

The specific execution of a contract cannot be insisted upon in equity as matter of absolute right in the party demanding it; but it rests in the sound discretion of the Court, whether or not it will require it to be done. If the contract be hard and exacting in its terms, contrary to its spirit—oppressive, unjust and inequitable under the circumstances—not strictly what the parties contemplated in entering into it, or if the specific execution of it will operate unjustly to the detriment of the party complained against, the Court will leave the parties to their remedy at law. A Court of Equity will not lend its aid to a party who seeks to take inequitable advantage of unforseen events and circumstances not contemplated by the contracting parties, especially when the complaining party can have adequate remedy at law. It is not the province of a Court of Equity to defeat a valid contract, but it will not enforce it against conscience. *Leigh* v. *Crump*, 1 Ired. Eq., 299; *Cannaday* v. *Shepard*, 2 Jones Eq., 224; *Lloyd* v. *Wheatly*, Ibid., 267; *Herren* v. *Rich*, 95 N. C., 500; *Love* v. *Welch*, 97 N. C., 200; Ad. Eq., 87 and notes.

We concur with the Court below in the opinion that the plaintiffs are not entitled to the relief they demand. If such contract as they allege exists, they have their remedy at law. The pleadings in this action do not contemplate such remedy, nor are they sufficient for that purpose.

Judgment affirmed.