JOSEPH N. BURNAP v. VERLINGER SIDBERRY et al.

*Contract—Specific Performance—Affirmative Relief.*

A vendee in an executory contract to convey lands having failed to pay
the purchase-money when it became due, subsequently purchased
his notes therefor at an administrator's sale for a nominal amount,
and then brought an action to compel the vendor's representatives
to convey to him: *Held*, (1) that a specific performance would not
be decreed until the vendee had paid the price stipulated in the
contract of sale; (2) that the defendants having prayed for affirma-
tive relief, it was not error to decree that the lands should be sold
and the proceeds applied to the satisfaction of the balance due, if
the plaintiff did not pay within a time fixed.

CIVIL ACTION, upon case agreed, tried at Spring Term, 1890,
of ONSLOW Superior Court, *Graves, J.*, presiding, to compel
the specific performance of a contract to convey land. ·

The following is a statement of the facts agreed upon by
the parties to the action:

"1. That on the 10th of March, 1881, the defendants'
ancestor and intestate, Burgess Williams, gave the plaintiff
his bond for title for the land in question, thereby obliging
himself to make title upon the payment to him of $170,
secured by two notes, each dated March 10th, 1881—one for
$100, due January 1, 1882, with interest from date, and the
other for $70, due the 12th of March, 1883, with interest from
date.

"2. That on the $100 note there were paid $20 on the 10th
of March, 1881, and $32 on the 12th of April, 1883.

"3. That in 1886 the defendant Christian A. Williams, the
administratrix of the vendor Burgess Williams, procured
license from the Clerk of the Superior Court of Onslow County
to sell the evidences of debt of her intestate, and through an
agent sold the said notes; that at the time of said sale she
knew that the said notes had been secured by the bond for

title, but she was advised, and she supposed, that the lapse of time would prevent the lien from being enf rced.

"4. That the said notes were bid off at said sale of the administratrix for fifty-five cents each, and the bidder assigned his bid to the plaintiff, who paid the amount of one dollar and ten cents for the notes, and the said administratrix, through her. agent, wrote on the back of each of said notes the following: 'Received fifty-five cents, the amount bid for this note at public sale. C. A. Williams, Administratrix, per H. E. King.'

"5. That the plaintiff is in possession of the land in controversy, and has been since the date of said bond for title, March 10th, 1881."

Upon this state of facts the Court gave judgment that the plaintiff is not entitled to have specific performance of said contract as demanded in the complaint; that he will be entitled to have title for the land, to be conveyed to him by the defendants, when he shall pay the balance of the said purchase-money, less one dollar and ten cents, the sum he so paid for the notes mentioned; that if such balance shall not be paid to the defendant administratrix within ninety days, then a commissioner shall sell the said land, and out of the proceeds of the sale thereof pay such balance to the said administratrix, and any surplus to the plaintiff. The latter excepted, and appealed to this Court.

*Mr. S. W. Isler*, for plaintiff..

*Messrs. Manly & Guion* (by brief) and *Nixon & Galloway* (by brief), for defendants.

MERRIMON, C. J.—after stating the case: The specific performance of an executory contract to convey land cannot be insisted upon in a Court of Equity as a matter of absolute right. It rests in the discretion, not the arbitrary, but the sound discretion of the Court, controlled and governed by

principles and rules of equitable justice, applicable in each case as it arises, according to the facts and circumstances attending it, whether specific performance will or will not be required.   The Court will look through the contract without regard to merely legal forms and technical advantage, to see what are its spirit and purpose, and whether the party demanding relief has on his part fairly and justly complied with its requirements of him, or whether he, in some cases, is ready, willing and able to do so.   If it appears that the party suing has taken undue, unjust and inequitable advantage of the opposing party, specific relief will not be granted; he will be left to his strict legal remedy, whatever that may be.   The relief demanded is equitable in its nature, and he who asks the same, must himslf observe and be governed by the principles of equity. putting aside mere forms and technical advantage not affecting the substance of the matter. *Herren* v. *Rich,* 95 N. C., 500; *Love* v. *Welch,* 97 N. C., 200; *Ramsay* v. *Gheen,* 99 N. C., 215, and the cases there cited; *Willard* v. *Taylor,* 8 Wall., 557.

Now in this case the vendor retained the title to the land which he contracted to sell to the plaintiff on purpose to secure the purchase-money the latter obliged himself to pay at the times specified.   The latter paid a small part of it— he ought to have paid the whole when it was due, but did not.   After a long lapse of time, and after the death of the vendor, he managed to buy indirectly from. the administratrix his notes for a mere trifle, and by this action now demands that the heirs of the vendor shall convey title to the land to him, although it appears, and he does not deny, that he has paid but a small part of the purchase-money.   If he thus got poseession of his notes and has a technical legal advantage, it is certainly unjust and inequitable that he should have the title of the land from the heirs of the vendor while he has paid but a fragment of the purchase-money, which, by the terms, spirit and purpose of the contract under which he

claims, was a lien upon the land until it should be fairly and fully paid. He bought his own notes for the purchase-money with the knowledge that he had not paid them, and that the debt, of which they were evidence, was justly a lien upon the land. He was not a simple buyer of these notes, he bought them with the knowledge that he was bound, in conscience, to pay them and thus discharge the lien on the land. A Court of Equity will not help him to avail himself of such inequitable advantage; it will not compel the heir to make title while the spirit of the contract remains unperformed on the part of the plaintiff.

The defendants, in their answer, aver their readiness to make title to the land to the plaintiff when he shall pay the balance of the purchase-money, and they demand judgment that he be required to pay such balance within a time specified, and that in default of such payment the land be sold, etc. There is no reason why this might not be done. The plaintiff has brought his action, and thus submitted himself to the jurisdiction of the Court. The defendants have answered, alleging their rights and demanding counter-relief. The Court has jurisdiction of the parties and the subject-matter, and may determine and administer their respective rights embraced by the litigation. The judgment of the Court is clearly warranted by the pleadings and the facts agreed upon.

There is no error, and the judgment is affirmed.

Affirmed.