Argued December 17, 1919, modified February 3, rehearing denied June 22, 1920.

## SLATTERY *v.* GROSS.

(187 Pac. 300; 190 Pac. 577.)

**Vendor and Purchaser—Joint Purchasers—Presumption.**

1. The fair presumption is, in the absence of contrary evidence, that, where three parties agree to purchase real property at a given price, each one is to take an undivided one third in the real property and to pay one third of the price.

**Specific Performance—Either Party to Contract for Purchase Entitled to Remedy.**

2.   Either party to a contract for the purchase of real property may maintain a suit for specific performance; the vendee to recover the land, and the vendor to recover the purchase price.

**Specific Performance—One of Three Joint Purchasers Entitled to Remedy Against Joint Purchasers.**

3.   Where one of three vendees who have contracted to purchase property at certain price, and have agreed among themselves that each is to pay one third and receive a one-third undivided interest, has fulfilled his contract and paid his part of the purchase price, and is about to lose his interest in the land by reason of the failure of the other vendees to perform, he may maintain specific performance against them to compel them to carry out their contract, and thereby secure to himself the land to which he is entitled.

**Specific Performance—Contract of Purchase—Option—Forfeiture—Vendee's Default.**

4.   A provision in a contract for the sale of land that on 60 days' default the contract should be void and payments thereon forfeited, or that the vendor might elect to declare the whole of the purchase price due and proceed at once by foreclosure or otherwise, *held* to give the vendor an option, after the 60-day period, even though he did not at once, to elect to proceed with the contract and enforce performance thereof.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

This four cornered and very complicated suit arose over a real estate transaction in the City of Eugene. By this transaction one Matlock and the defendants, Gross and McCallum, contracted to purchase from the defendants, Nancy J. Shelley and J. M. Shelley, a certain lot in said city for the sum of $10,750. Of this sum $3,500 was paid down, the three purchasers each contributing one third of the payment. Afterwards several payments of interest were made, which were also contributed upon the basis of each paying the interest on the amount remaining unpaid, as his own third of the purchase.

Matlock, at different times, paid his part of the interest, and also made payment on the principal

until he had finally paid his entire one third of the purchase price. The defendants, Gross and McCallum, however, never made any further payments after the first one, upon the principal. They continued to pay the interest up to about March 29, 1915. Ever since they have been in default in the payment of the interest also.

After paying up his one third in full, as hereinbefore stated, Matlock transferred his interest in the contract to the plaintiff. He afterwards died and his executrix is made one of the parties defendant herein.

The plaintiff, being unable to obtain title to her one third interest in the land to be conveyed under the contract, brings this suit against the defendants, Gross and McCallum, and makes the defendants, Shelleys and Matlock, executrix, nominal parties defendant. Plaintiff prays for alternative relief and among other things for a decree of specific performance against the defendants, Gross and McCallum, and that they be decreed to pay up the amount due from them under the contract, so that she can receive her one-third interest in the real property for which Matlock paid before transferring his interest to her.

The defendants, Shelleys, appear in the cause and file a cross-bill, in which they protest their willingness to convey the property to the purchasers and bring into court the deed therefor, and they also ask for a decree of specific performance against the defendants, Gross and McCallum, and the executrix of Matlock's estate.

The court below dismissed the bill of the plaintiff, upon the ground that she had a complete and adequate remedy at law, but decreed specific perform-

ance in favor of the defendants, Nancy J. Shelley and J. M. Shelley, against Gross and McCallum upon the cross-bill of the former. The decree exonerates the defendant, Nellie T. Matlock, executrix of the Matlock estate, and also provides for the foreclosure and sale of the property covered by the contract, to satisfy the judgment against the defendants, Gross and McCallum.

From this decree the plaintiff appeals. The defendants, Gross and McCallum appeal from the portion of the decree providing for a specific performance in favor of the defendants, Nancy J. Shelley and J. M. Shelley, and from that portion decreeing a foreclosure of the property and a deficiency judgment against them personally for any balance remaining unpaid.

There was no appeal by the defendants, Nancy J. and J. M. Shelley, and no appeal in behalf of the Matlock estate.                      MODIFIED.

For appellant there was a brief and an oral argument by *Mr. H. E. Slattery.*

For cross-appellants there was a brief over the names of *Mr. A. C. Shaw* and *Mr. Jesse G. Wells,* with an oral argument by *Mr. Shaw.*

For respondents there was a brief over the names of *Messrs Smith & Bryson, Mr. O. H. Foster* and *Mr. Lark Bilyeu,* with oral arguments by *Mr. E. R. Bryson* and *Mr. Foster.*

BENNETT, J.—1. We think the court below erred in dismissing plaintiff's bill in equity, upon the ground that she had adequate relief at law. The contract between Matlock and the defendants, Gross

and McCallum, was for the purchase of a certain specific tract of real property. We think the fair presumption is, in the absence of evidence to the contrary, that where three parties agree to purchase real property at a given price, each one is to take an undivided one third in the real property and each is to pay one third of the price. That natural inference is strengthened in this case by the conduct of the parties themselves, and by the fact that each one of them did pay one third of the first payment, and that their numerous payments of interest were made upon the same basis.

Their agreement with the vendors was:

"That the parties of the second part hereby agree and bind themselves and their legal representatives to pay or cause to be paid to the said parties of the first part, their heirs or assigns, the sum of $10,750.00."

There is small room for doubt but what the arrangement among themselves was that each one should pay one third of that sum. The plaintiff could not possibly obtain the title to the undivided one-third interest in the real property, for which she had contracted, unless Gross and McCallum complied with their agreement to pay their part of the purchase price.

2. It is well settled that either party to a contract for the purchase of real property, may maintain a suit for specific performance—the vendee to recover the land and the vendor to recover the purchase price. The reason why the vendee may maintain a suit in equity for specific performance against the vendor—as announced by all the courts—is that the damages which he could recover in an action at law, are inadequate recompense for the loss of the real

estate which he has contracted to purchase, and which may have—and is assumed to have—a peculiar value to the purchaser, which money damages will not replace.

In Pomeroy on Contracts, pages 10, 11 and 12, it is said:

"One landed estate, though of precisely the same market value as another, may be entirely different in every other circumstance that makes it an object of desire. The vendee in a land contract may recover back the purchase money which he has paid, and with the damages which he thus receives he may purchase another estate of equal market value, but then there may be numerous features and incidents connected with the former tract which induced him to purchase, which made it to him peculiarly desirable, but which were not taken into account in the estimate of his damages, and which cannot be found in any other land which he may buy with the money. It is evident that in this and similar cases there would be a failure of justice unless some other jurisdiction supplemented that of the common law, by compelling the defaulting party to do that which in conscience he is bound to do, namely, actually and specifically to perform his agreement. * *

"Where land, or any estate therein, is the subject matter of the agreement, the equitable jurisdiction is firmly established. Whenever a contract concerning real property is in its nature and incidents entirely unobjectionable—that is, when it possesses none of those features which, as we shall see, appeal to the discretion of the court—it is as much a matter of course for a court of equity to decree a specific performance of it, as it is for a court of law to give damages for the breach of it. The reasons which have led the courts to hold that damages are an inadequate compensation for the breach of contracts concerning land have already been stated. Undoubtedly there are cases where the reasons have no actual application and force. Land is often, especially in this country, bought and held simply as

merchandise, for mere purposes of pecuniary profit, possessing no interest in the eyes of the purchaser and owner other than its market value. The jurisdiction, however, extends to these cases. The rule having been once established, is now universal. The actual motives and design of the purchaser are never inquired into, for it is assumed in every instance that damages are an inadequate relief for the breach of a land contract.''

Now, if damages at law for the breach of the contract is no adequate compensation for the vendee, when the vendor has failed to convey as agreed, it must follow by the most perfect analogy that damages at law would be no adequate compensation for one of the vendees, for the loss of his interest in the land, where the loss is about to be caused by the failure of two of his associates to perform their part of the contract. In either case he loses the land by reason of the failure of some party to the contract to perform according to its conditions, and in one case the damages which he could recover at law will be just as inadequate as in the other.

3. It follows that where one of three vendees, who have contracted for a joint purpose, has fulfilled his contract and paid his part of the purchase price, and is about to lose his interest in the land by reason of the failure of the other vendees to perform, he may maintain specific performance against them to compel them to carry out their contract and thereby secure to him the land to which he is entitled. The damages which he might receive at law are not adequate compensation for the loss of his interest in the real estate.

In this case the plaintiff alleges, and the answer and offer of the vendors establish, that they are standing ready to convey the property in accordance

with the contract, as soon as the other vendees have performed their part. If the plaintiff has assumed the joint liability of Matlock to the vendors, upon 'the purchase price of this land, there is still another ground for sustaining this suit.

In 32 Cyc. 248, the doctrine is announced, that—

"After maturity of the debt, although the surety has not been troubled by the creditor, he has the right, before payment to go into a court of equity, at any time, to compel payment of the debt by the principal."

In *Davis* v. *First Nat. Bank of Albany*, 86 Or. 474, 486 (168 Pac. 929), it is said:

"Under the peculiar circumstances shown in this case, and in equity and good conscience, plaintiffs have a right to demand that the other co-obligors be required to contribute their share in the liquidation of the loan, even before plaintiffs pay the debt or the property of plaintiffs is sacrificed therefor. At law the surety must pay the debt before he can have an action, but not so in equity."

It is not necessary for us to inquire in this case, as to whether or not the plaintiff had taken over the contract under such circumstances as to amount to an assumption of the debt, or joint liability of Matlock to the vendors, since his right to go into equity upon the first ground stated is apparent. The defendants, Gross and McCallum, however, contend most strenuously that they were released from liability and the contract became absolutely null and void by reason of their failure to comply with its terms.

The contract contained the following provision:

"And it is agreed that if the said parties of the second part shall fail to make any of said payments at the time and in the manner above specified, or

96 Or.—36

within sixty days after any payment of principal or interest shall become due, or shall fail to pay any tax or assessment before same shall become delinquent, this agreement shall be henceforth void, all payments thereon forfeited, and possession of said premises shall be at once surrendered to first parties; or said first parties may elect to declare the whole of said purchase price due and proceed at once, by foreclosure or otherwise, to collect the same, together with his reasonable costs, charges and expenses, including attorney fees."

4. It is urged that under this provision the contract became null and void, as soon as there was any default for a period of 60 days, and the only option on the part of the vendor was to proceed at once to foreclose and collect the price. We think this is not a fair construction of the contract. When this provision is read, together with the preceding provision—

"That the said parties of the second part hereby agree to bind themselves, and their legal representatives, to pay, or cause to be paid, to the said parties of the first part, their heirs or assigns, the sum of $10,750.00"—

it seems apparent that the intention was to give the vendor an option, and that upon failure for the period of 60 days, he might either forfeit the contract or he might elect to proceed with it, and if he chose he could proceed at once to collect the amount still due on the contract.

It is true that the vendor did not proceed at once, at the end of 60 days, but it is also apparent from the evidence that all the parties either tacitly or directly agreed to an extension of time. It would be a hard rule to say that the vendor lost his right to proceed on the contract by reason of his leniency. Or that one vendee lost his remedy against the other,

because the vendor did not proceed at once, and must therefore lose not only his right to the land he had contracted for, but also the money he had paid, in accordance with his own contract thereon.

It follows from what we have already said that both the plaintiff and the defendants, Nancy J. Shelley and J. M. Shelley, are entitled to a specific performance against the defendants, Gross and McCallum.

Owing to the conflict of interest and the complicated relations between the parties, there is a good deal of difficulty in drawing a decree which shall respect the relative rights and interests of each. We think, however, that it will protect everyone as near as may be, if the decree provides for a specific performance in favor of the plaintiff against each of the defendants, G. G. Gross and James S. McCallum, for their respective halves of the amount still due to the Shelleys, and gives them 60 days in which to pay said amount into court, as fixed by the original decree in the court below, and that upon compliance with said decree the deed brought into court by the Shelleys in favor of the said defendants, Gross and McCallum, and the plaintiff be turned over to the vendees; and that upon failure to pay the same, execution shall issue in favor of the plaintiff, against each of said defendants, for the respective half of the amount still due, which shall be a general execution against the individual property of each; the returns on the same to be paid into the court, and applied on the amount due to the defendants, Nancy J. Shelley and J. M. Shelley; and if either of said executions shall be returned in whole or in part unsatisfied, then said Nancy J. Shelley and J. M. Shelley shall have and recover and have execution against the property of both or either of said de-

fendants generally for the amount remaining unpaid, and if said execution shall still remain unsatisfied, then the vendors' lien of the said Nancy J. and J. M. Shelley, upon the property in controversy, shall be foreclosed and the property shall be sold to satisfy the amount remaining unpaid, and if said property shall bring more than enough to satisfy the claim of the Shelleys, the balance remaining over shall be applied as follows: (1) To the payment of the excess paid by Matlock over and above the amount paid by Gross and McCallum, and the balance, if any remaining shall be divided equally between plaintiff and said Gross and McCallum respectively.

As the Shelleys have not appealed from the judgment in favor of Nellie T. Matlock, executrix of the Matlock estate, decreeing that they were not entitled to specific performance against her, or from the decree in favor of her against said Shelleys for costs and disbursements, that part of the decree will not be disturbed here.

The plaintiff and the defendants, Nancy J. and J. M. Shelley, will each recover their costs and disbursements against Gross and McCallum.

MODIFIED.

McBRIDE, C. J., and BEAN and JOHNS, JJ., concur.

---

Former opinion modified and rehearing denied June 22, 1920.

PETITION FOR REHEARING.

(190 Pac. 577.)

On petition for rehearing. MODIFIED AND REHEARING DENIED.

*Mr. H. E. Slattery,* for plaintiff-appellant.

*Mr. A. C. Shaw* and *Mr. Jesse G. Wells,* for defendants and cross-appellants.

BENNETT, J.—In this case there is a petition for rehearing on behalf of plaintiff, and another in behalf of defendants Gross and McCallum.

The plaintiff claims that she is still not fully protected by the decree outlined in the original opinion, and the defendants Gross and McCallum ask that the decree shall provide that execution issue in favor of the defendants, Nancy J. Shelley and J. M. Shelley, against the plaintiff, as well as McCallum and Gross, and also that it adjudicate the rights of these latter defendants among themselves.

It is claimed that the defendant McCallum has paid $180.00 more than Gross and that this should be taken account of, and that the decree should also provide for a judgment over, in case one of these defendants shall prove insolvent, or one shall be compelled to pay more than his share.

Of course the plaintiff is entitled to recompense for any loss she may suffer by reason of the default of the defendants, and the decree in this case should provide for ·a judgment in her favor·against each of the defendants, for one-sixth of the market value of the property in question, in case it is sold on foreclosure, as in the decree provided, less any sums which may have been otherwise realized by plaintiff on such one sixth interest. She would not be entitled to recover the excess paid by her, as that might be much more than the real value of the property. The decree will provide that the Circuit Court shall retain jurisdiction of the cause, to find the value of the property and the amount of plaintiff's claim remaining unsatisfied, if any, at the end

of a foreclosure proceeding, and to enter general judgments in favor of the plaintiff therefor in accordance with foregoing.

We think the pleadings and the record of the appeal are not in such shape that we can give the Shelley defendants a personal decree against the plaintiff, or against the Matlock estate, and in that regard the decree of the court below must stand. Neither do we think there are any issues made by the pleadings upon which we could try out the rights of Gross and McCallum, as between themselves. They make no separate appearance but join in one answer. There is no allegation that one has paid more than the other, and no allegation that either is insolvent, and no prayer for relief as between each other. The decree, however, should be without prejudice to the rights of either, as against the other, which may grow out of the transaction.

We think, however, that the previous opinion should be modified as to the distribution of any amount received from a foreclosure (if there shall be any) after satisfying the claim of Mr. and Mrs. Shelley, and the claim of the plaintiff, so that such surplus shall be divided between the defendants Gross and McCallum in proportion to the amounts which shall have been previously collected from each, rather than by equal division, as indicated in the original opinion, and that the court below shall retain jurisdiction to fix such amounts, if that shall be necessary. In all other respects the original opinion is adhered to. The petitions for rehearing are denied.

OPINION MODIFIED and REHEARING DENIED.

McBRIDE, C. J., and BEAN and JOHNS, JJ., concur.