Submitted January 6, reversed with instructions April 29, 1964

# RENARD *v.* ALLEN
### 391 P. 2d 777

George G. Van Natta, St. Helens, for appellant.

No appearance for respondent.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

**DENECKE, J.**

The purchaser-defendant defaulted in making the payments due under a land sale contract. The plaintiff-vendor obtained relief in the nature of strict foreclosure. Plaintiff appeals upon the ground that he was entitled to a decree requiring the defendant to specifically perform the contract.

The land sale contract was on the printed form commonly used in this state. The contract contained the usual provision that upon default the vendor, at his option, could declare the whole unpaid principal balance due. The plaintiff alleged the purchaser's failure to make his instalment payments and his failure to pay the taxes and insurance premium (total delinquency of about $470). He alleged the purchase price was $6,000 and there was now owing the principal balance of $5,537.22. Plaintiff alleged he was ready, willing and able to perform his obligations under the contract. Before plaintiff rested he offered to deposit a deed with the clerk conveying clear title to defendant, if the court believed it necessary. The court indicated it did not believe this necessary and the defendant did not object.

The prayer to plaintiff's complaint is as follows:

"WHEREFORE the plaintiff prays for a decree requiring the defendant to perform the contract herein described strictly in accordance with the terms thereof; and that for such purpose the plaintiff be awarded a recovery of and from the defendant in the sum of $5537.22 with interest thereon at 6½% per annum from Nov. 16, 1962; for $10.66; for $550.00 as attorney's fees; for costs and disbursements; for a declaration providing for the sale of Lot ONE in Block FOUR, SPANTON'S

ADDITION to the City of Portland, Multnomah County, Oregon, and application of the proceeds of such sale in or toward payment of the sums herein awarded to plaintiff, if said sums remain unpaid for more than 60 days or other reasonable time as the Court may specify; and for such other and further relief as may be appropriate."

Plaintiff insisted throughout the trial that he was seeking specific performance. However, the trial court believed the suit was one for foreclosure. The trial court gave plaintiff a decree for the amount of the unpaid instalments and other unpaid obligations (but not for the balance of the principle). The decree further provided that the defendant has 60 days within which to pay the amount of the decree and if he does not do so and does not also resume paying the monthly instalments, as due, "the said real property shall revest in the plaintiff." Apparently, as long as the decree is for strict foreclosure, rather than specific performance, it is immaterial to the plaintiff whether the trial court entered a decree for the entire balance owing or merely for the instalments and other minor amounts owing at the time suit was brought.

Plaintiff contends he is entitled to a decree of specific performance, i.e., a decree requiring the buyer to pay the balance of the contract price. *Marquardt v. Fisher,* 135 Or 256, 258, 295 P 499, 77 ALR 265 (1931). Such a form of decree is identical to a money judgment for the balance of the purchase price awarded in a law action. 3 Casner, American Law of Property, 176, § 11.68 (1952).

The decree entered required defendant to pay money; however, if he did not, plaintiff's relief was regaining the property and not a personal judgment against defendant. The difference in effect of the two alternative types of relief can be substantial.

■ A vendor's rights upon the default of a buyer under a land sale contract are stated in *Marquardt v. Fisher,* supra (135 Or at 258):

> "* * * Where a valid executory contract for the purchase and sale of real property is broken by the vendee's failure to pay the purchase money as stipulated in the contract, the vendor has in equity a choice of remedies. He may tender a deed and sue for the specific performance of the contract, or he may sue for strict foreclosure of the contract. * * *."

In *Sanford v. Wheelan,* 12 Or 301, 7 P 324 (1885), this court stated that the vendor of real property could enforce the payment of the purchase price in equity. *Johnston v. Wadsworth,* 24 Or 494, 34 P 13 (1893), specifically held that the vendor could obtain a decree of specific performance of a land sale contract. The court rejected the argument that the vendor had an adequate remedy at law.

■ One question here is, which remedy did plaintiff assert in his complaint? The allegations of the complaint, apart from the prayer, do not indicate what relief is sought. In this kind of suit we have held the prayer should be considered in determining what remedy the vendor has elected. *Zumstein v. Stockton,* 199 Or 633, 639, 264 P2d 455 (1953). That part of the prayer asking for a decree requiring the defendant to perform the contract "and that for such purpose the plaintiff be awarded a recovery of and from the defendant in the sum of $5537.22" is a prayer for specific performance. The quoted portion, for a recovery of a sum of money, is also part of a foreclosure decree if coupled with a further statement that if such sum is not paid, the purchaser's rights in the property will be foreclosed. The portion asking for a sale if the judgment is unpaid for 60 days is proper in a prayer

for foreclosure. The 60-day period, or some other reasonable period to pay, is customary in foreclosure. The sale provision is akin to a portion of the prayer for foreclosure by sale. However, the word "foreclosure" is not found in the prayer.

The plaintiff maintains that the prayer for a sale is not inconsistent with the remedy of specific performance. As the plaintiff pointed out in his brief, this court in *Slattery v. Gross*, 96 Or 554, 564, 187 P 300, 190 P 577 (1920), ordered specific performance of a contract for sale and decreed as follows:

"* * * and if said execution shall still remain unsatisfied [on the money decree for the purchase price], then the vendors' lien of the said Nancy J. and J. M. Shelley, upon the property in controversy, shall be foreclosed and the property shall be sold to satisfy the amount remaining unpaid, * * *."

Many other jurisdictions have approved of the coupling of a decree of specific performance with a provision for a sale if the money decree is not paid. Typical of these cases is the decision in *Morgan v. Lewis*, 203 Ala 47, 82 S 7 (1919):

"Bill by a vendor (appellee) to compel specific performance on the part of the vendee (appellant) of a complete written contract to purchase certain lands owned by the vendor. The appellant insists here, as he did in the court below, that this remedy is not available to a vendor, and that an enforceable decree in the premises cannot be soundly contrived. Both reason and authority confirm the correctness of the view entertained by the trial court, viz.: That the remedy by specific performance is available to a vendor of land; that the nature of the subject-matter of the contract, real estate, invests the vendor with the right to elect either to sue at law for damages for the vendee's breach of the contract or to invoke equity to compel

specific performance of the contract of purchase by the vendee; and that appropriate decree may enter requiring specific performance on the part of the vendee, by a fixed time, after the vendor has deposited in the court, for the vendee, a conveyance to him of a good title to the land; failing acceptance of the deed and payment of the purchase price and interest by the vendee, it may thereupon be contingently decreed that the land be sold to satisfy the vendor's demand, and that execution against the vendee issue to enforce the payment of the unpaid balance of the purchase price and interest that the net proceeds of the sale fail to satisfy. * * *" (82 S at 7)

The last portion of the above quotation in effect provides that if the net proceeds of the sale are not sufficient to satisfy the money decree, the balance still owing remains a personal decree against the purchaser which can be enforced as any other money decree or judgment. This would necessarily follow from a decree granting an in personam money decree and providing for a sale and the application of the proceeds of the sale to the satisfaction of the money decree. If the proceeds are insufficient to fully satisfy the decree, the unsatisfied portion remains an obligation of the purchaser.

■ In a mortgage foreclosure the obligation for the balance remaining unpaid after applying the proceeds of the foreclosure sale is known as a "deficiency judgment." An Oregon statute expressly prohibits deficiency judgments in the foreclosure of purchase money mortgages. ORS 88.070 provides:

"When a decree is given for the foreclosure of any mortgage given to secure payment of the balance of the purchase price of real property, the decree shall provide for the sale of the real property covered by such mortgage for the satisfaction

of the decree given therein, but the mortgagee shall not be entitled to a deficiency judgment on account of the mortgage or note or obligation secured by the same."

The statute, however, expressly refers to mortgages and mortgage foreclosures. As Mr. Justice HARRIS commented in his concurring opinion in *Wright v. Wimberly,* 94 Or 1, 33, 184 P 740 (1919): "The words 'deficiency judgment' have a well-understood meaning when used in connection with mortgage foreclosures, * * *." In *Stretch v. Murphy,* 166 Or 439, 446, 112 P2d 1018 (1941), we stated that the legislature used the term "deficiency judgment" to mean "a personal judgment against a mortgagor for the mortgage debt remaining unsatisfied out of the proceeds of sale of the mortgaged property."

The Oregon Legislature and the Oregon courts have kept the remedies for defaults in land sale contracts and note-mortgage transactions separate from each other. ORS 88.010 provides: "Except as otherwise provided by law, a lien upon real or personal property, other than that of a judgment or decree, whether created by mortgage or otherwise, shall be foreclosed, and the property adjudged to be sold to satisfy the debt secured thereby by a suit." This court held that such statute was not applicable to the enforcement of a land sale contract because the vendor's right is not strictly a "lien" and "[t]he whole doctrine of conversion and the rights of vendor and vendee thereunder is purely equitable and independent of any statute, and we know of no reason why it should not be enforced in this state according to the common-law rules governing such matters." *Savings Co. v. Mackenzie,* 33 Or 209, 214, 52 P 1046 (1898).

■ The statutory prohibition against deficiency

judgments in mortgage foreclosures is not a prohibition against awarding specific performance by granting a money decree and further providing that in the event the decree is not paid the property shall be sold and the proceeds applied in satisfaction of the money decree.

Other decisions approving a provision in the decree providing for a sale in the event the money decree was not paid are as follows: *National Bank of Kentucky v. Louisville Trust Co.,* 67 F2d 97 (6th Cir 1933); *Andrews v. Sullivan,* 7 Ill 327, 334 (1845); *Maya Corporation v. Smith,* 240 Ala 371, 199 S 549, 554 (1941); *Standard Lumber Co. v. Florida Industrial Co.,* 106 Fla 884, 141 S 729, cert den 289 US 723, 53 S Ct 522, 77 L ed 1474 (1932); *Robinson v. Appleton,* 124 Ill 276, 15 NE 761, 762 (1888); *Attebery v. Blair,* 244 Ill 363, 91 NE 475, 479 (1910); *Bockelman v. Spires,* 110 Neb 234, 193 NW 334 (1923); *Eypper & Beckman v. Ross,* 141 A 795 (1928); *Burnap v. Sidberry,* 108 NC 307, 12 SE 1002, 1003 (1891); *Tombari v. Griepp,* 55 Wash2d 771, 350 P2d 452 (1960); *Big Bay Realty Co. v. Rosenberg,* 218 Wis 318, 259 NW 735 (1935).

In Walsh, Equity (1930), 428, § 91, it is stated:

"* * * Where, however, the purchaser is unable to pay for the property, so that the decree for specific performance cannot actually be carried out, it is usual to provide, in that event, that the property be sold and the proceeds be applied to the payment of the purchase price, and for a judgment against the purchaser for a deficiency, exactly as in the case of foreclosure by sale of a mortgage. * * *"

On initial reaction a decree of specific performance seems inconsistent with a further provision in the decree for a sale. In a suit for specific performance the vendor-plaintiff must tender a deed of the prop-

erty into court. If the purchaser-defendant complies with the decree and pays the balance owing, the deed is delivered to the purchaser. The vendor is divested of any interest in the land, including his former lien or right to enforce his claim against the purchaser's equitable estate. On the other hand, in foreclosure, the vendor enforces his lien by having the court of equity proceed against the equitable estate that the purchaser has in the property because of the contract of sale. *Grider v. Turnbow,* 162 Or 622, 641, 94 P2d 285 (1939).

■ However, on further reflection, the awarding of both a decree for specific performance, i.e., a money judgment, and providing for a sale, with the proceeds to be applied on the unpaid judgment, is not incompatible. Fry, Specific Performance (6th ed 1921), 549, § 1175, states: "Still another form of relief open in many cases to a vendor after a judgment for specific performance, is the enforcement of his lien for unpaid purchase-money, with interest, and his costs of the action." It is clear from other parts of the text that the lien the author has in mind is the equitable lien created by the contract of sale.

This reasoning, in effect, results in the unpaid vendor being granted alternative remedies. He can secure a decree for the balance of the unpaid purchase price, and tender a deed. If the purchaser pays the balance, the deed is delivered to the purchaser. If the purchase price is not paid, the vendor may have his alternative remedy,—he may have his lien foreclosed, the property sold, and the proceeds applied upon his judgment for the purchase price.

There is nothing inconsistent in this procedure. If a specific performance decree is complied with by the purchaser-defendant, the vendor gives up his lien and puts complete title, both legal and equitable, in the

purchaser. However, until the purchaser pays the unpaid balance, legal title remains in the vendor and there is no reason why he should not retain his lien although he has a judgment for the balance of the purchase price. The vendor's lien is to secure the purchase price, and the price is not paid merely because a judgment is entered for the balance. This is the reasoning stated in *Harris v. Halverson,* 192 Wis 71, 211 NW 295, 297 (1926), as follows:

"* * * When an action for specific performance is brought, the plaintiff is required to tender a deed to become effective upon the compliance by the vendee with the terms of the contract. In other words, the action being an equitable one, he cannot both retain the title to the property absolutely and at the same time recover the full amount of the purchase price. However, until the payment of the purchase price is made, he retains the legal title and holds the same subject to the payment, as security for any unpaid amount. * * *

* * * * *

"In an action brought by a vendor for specific performance of a land contract, the circuit court is authorized to order the land described in the contract sold, and to direct that the proceeds be applied to the payment of the amount due thereon. By tendering the deed to the vendee, or by depositing the same with the court, the vendor in legal effect expresses his intention to part with the title to the vendee, upon performance by the latter of the terms of the contract, and, on the failure of the vendee to perform, the property may be ordered sold by the court. The vendor cannot both retain title and accept the proceeds of the sale. * * *"

There is nothing inequitable, i.e., "unfair," about such procedure. By entering a decree for specific performance the court has transferred an obligation assumed by contract into a judgment. If the purchaser

does not pay this obligation, it is reasonable that the property should be sold; the lien on the property was created to insure payment if the purchaser did not pay this obligation.

■ We conclude, therefore, that the prayer for a sale of the property is consistent with, and appropriate in, a complaint seeking a decree of specific performance. We further hold that specific performance is the remedy sought by the complaint.

■ Although the complaint seeks specific perform- ance, the award of such relief is within the discretion of the court. *Hawkins v. Doe,* 60 Or 437, 446, 119 P 754, Ann Cas 1914A 765 (1912) (land sale contract). How- ever, the nature of this discretion was defined in *Temple Enterprises v. Combs,* 164 Or 133, 158, 100 P2d 613, 128 ALR 856 (1940), as follows:

"* * * it must be remembered that the discre- tion of a court of equity in cases of this character is judicial in its nature and the relief is not 'of grace'; that, within the domain of equity, judicial remedies are not in any true sense discretionary but are governed by the established principles and rules which constitute the body of equity juris- prudence. * * *"

The court then examined the record to determine the presence or absence of the elements controlling the court's discretion in passing upon the awarding of specific performance. It found that the agreement in that case was definite; the consideration was adequate; enforcement of the agreement would not be harsh or oppressive; and there was no evidence of undue influ- ence, fraud, deception, or overreaching. Therefore, "[i]t follows that the plaintiff is entitled to a decree of specific performance * * *." (164 Or at 159)

■ In the present case there are no elements present

that would enable a court of equity, acting within the ambit of its discretion, to deny the remedy of specific performance. There is no evidence that the purchase price was grossly excessive, that any undue influence or misrepresentation was practiced, or that it would be oppressive to grant specific performance.

The decree is modified and the trial court is instructed to enter a decree of specific performance with the provision that if the money decree is not satisfied within a certain time the property shall be sold and the net proceeds be applied to the satisfaction of the money decree. The trial court shall fix the time within which the defendant has to pay the money decree before a sale is authorized.

9. The amount of the money decree shall include the total unpaid principal balance. The purchaser-defendant is in default and, therefore, the vendor has the option to declare the entire unpaid principal balance due. "Institution of the action was all that was required for the exercise of the option." *Smith v. Owen et al*, 208 Or 154, 157, 300 P2d 423 (1956). The present suit was for the entire unpaid balance of the principal and, therefore, constituted an exercise of the option.

Reversed with instructions.