Argued June 5, reversed July 1, 1970

## ANDERSON ET AL, *Appellants, v.* ALLISON ET UX, *Respondents.*

471 P2d 772

*Howard R. Hedrick,* Portland, argued the cause for appellants. With him on the brief was Lloyd F. Ryan, Jr., Portland.

*John C. Caldwell,* Oregon City, argued the cause for respondents. With him on the brief were Hibbard, Jacobs, Caldwell & Canning, Oregon City.

TONGUE, J.

This is an action by the sellers of a retail hardware business under a contract, which included both personal property and the sellers' equity in real property, against the purchaser for the balance due on the purchase price following defendants' refusal to make any further payments. The trial court, while finding that defendants failed and refused to make payments under the contract, also found that plaintiffs' vendors (under a previous contract which defendants had assumed, but failed to pay) had gone into possession and had locked defendants out, with the result that plaintiffs were unable to "vest defendants with title" to or possession of the personal and real property. Based upon these findings, the trial court concluded that a judgment for the contract balance would "amount to a specific performance" and entered judgment in favor of defendants. Plaintiffs appeal.

Defendants contend that the judgment was proper because plaintiffs made an election of remedies by previously filing an unsuccessful suit to foreclose the contract, in which they asked for both a decree of foreclosure and also for judgment for the contract balance.

Defendants also contend that a court may treat an action at law for the balance due under a land sale

contract as a suit for specific performance of that contract and that in such a suit mutuality of remedy is required. Accordingly, defendants contend that since, in this case, plaintiffs could not deliver possession or title to defendant (due to the repossession by plaintiffs' vendors after the filing of the original suit to foreclose the contract) there is either a lack of remedy or a failure of consideration, with the result that plaintiffs may not demand judgment for the balance due under the contract.

In our view, neither of these contentions is valid. *Election of Remedies.*

■■ It is well established in Oregon that there is no binding election of remedies by the filing of proceedings under which relief is prayed for that is not available to the plaintiff and that in such an event plaintiff may still seek another remedy that is available to him. *Payne v. Griffin*, 239 Or 91, 95, 396 P2d 573 (1964). It is also well established that an election of one remedy bars another remedy only when the two remedies are inconsistent. Thus, in *Weatherly v. Hochfeld*, 133 Or 136, 142, 286 P 588 (1930) it was held by this court that the filing by the seller of an unsuccessful action on a note for the purchase price does not bar a subsequent suit to foreclose the mortgage taken as security for the note—almost the converse of the situation in this case. See also *Renard v. Allen*, 237 Or 406, 415, 391 P2d 777 (1964).

In this case counsel for defendants contended that plaintiffs were entitled to the remedy of strict foreclosure in the original case and that the prayer asking for judgment for the contract balance was not properly a part of the complaint in that suit to foreclose the contract. But in the original case defendants contended

that plaintiffs' entire complaint should be dismissed "as without merit." Plaintiffs then filed a supplemental complaint in that case asking for judgment for the contract balance. The court in that case then dismissed both the plaintiffs' complaint and supplemental complaint without prejudice "except as to another suit for foreclosure under the statutory procedure for foreclosure of liens." It should also be noted that the contract in this case specifically provided that in the event of a default the seller might seek to either foreclose the contract or demand payment of the entire contract balance, and could also "combine any of such options and remedies."

■ Under these facts we hold that plaintiffs were not barred by an election of remedies by the filing of the previous case and that they were still entitled to file proceedings to enforce payment of the contract balance.

*Mutuality of Remedy.*

We also hold that the defense of lack of mutuality or failure of consideration must be rejected under the facts of this case.

It may be true, as contended by defendants, that a deficiency judgment on a land sales contract can only be obtained by a suit for specific performance, at least under some circumstances. *Renard v. Allen,* 237 Or 406, 412, 391 P2d 777 (1964). It may also be true, as contended by defendants, that a court may sometimes consider an action at law for payment of the balance due under a land sales contract as a suit in equity for specific performance of that contract, subject to the equity powers of the court, such as for a sale of the property involved if the contract balance is not paid, as in the event that the purchaser may have

made payments resulting in a substantial equity. *Thorp v. Rutherford*, 150 Or 157, 164, 43 P2d 907 (1935).

■■ It is also true, however, that a purchaser under a land sales contract who fails to pay the purchase price can be sued for the contract balance and cannot defend upon the ground that the seller was unable to convey title to him when, by his conduct, he has waived or is estopped from setting up such a defense. 92 CJS 484, Vendor & Purchaser § 505; 8A Thompson, Real Property 467, § 4480. This is in accord with the general rule, as recognized by this court, that where the conduct of the defendant has prevented the performance of a contract provision by the plaintiff, he cannot avail himself of any such failure to perform. *Gilbert v. California Oregon Power Co.*, 223 Or 1, 15-16, 353 P2d 870 (1960); *Public Market Co. v. Portland*, 171 Or 522, 587-88, 130 P2d 624; 138 P2d 916 (1943).

■■ This is particularly true where, as in this case, the contract was not one under which the promise of the buyer to make payment in full was dependent upon the promise of the seller to convey good title upon payment in full. See *Bank of California National Association v. Bishop*, 137 Or 33, 36, 300 P 1023 (1931). Thus, by the contract in this case, which was not an ordinary land sales contract, plaintiffs undertook only to assign to the purchasers their equity in the property under their contract with a previous vendor (which defendants agreed to assume and to pay), and that assignment had apparently been delivered to an escrow holder on execution of the agreement, with the result that defendants' promise to pay was not dependent upon plaintiffs' promise to convey good title, but was independent of any such promise. Indeed, the facts

of this case fall directly within the following rule, as stated in 92 CJS 198, Vendor & Purchaser § 311:

"Where an assignee agrees to pay certain installments of the purchase price to the assignor and the remainder to the vendor, the assignor may recover the installments due, notwithstanding the vendor or the assignee's default has foreclosed the assignee's rights, or that the assignment provided for other remedies in case of default."

Furthermore, defendant had no substantial "equity" in the property which could have been protected by requiring a sale of the property, since defendants had made few payments on the contract and possession of the property had been retaken by the original vendor. Defendants, in apparent recognition of this rule and of the corollary that in such a case the bad faith of the seller may nevertheless be a defense, alleged in their amended answer that plaintiffs had "cooperated" with the original vendor to make it impossible for defendants to perform by assisting the original vendor in wrongfully retaking possession of the property. However, there was no proof of these allegations and the trial court made no such finding.

This is not a case in which a vendor under a land sales contract who is unable to convey title would not only retain the property, but also collect the purchase price in full. Instead, by the contract in this case plaintiffs only undertook to assign to defendants their interest under a previous land sales contract and the plaintiffs in this case have lost their equity in the property as a result of its repossession by the original vendor upon defendants' failure to make payments under the original purchase contract, which defendants had assumed and agreed to pay.

It may be true, as contended by defendants, that

plaintiffs might have protected their equity in the property by undertaking to pay off the balance due under that contract of over $50,000. Defendants have cited no authority, however, to support the proposition that plaintiffs were required to do so in order to protect their right to sue defendants for the balance due under their subsequent contract with plaintiffs—particularly where the entire problem was the result of defendants' failure to make payments to the original vendor under the original agreement, which defendants had assumed to pay.

■■ Finally, it is true that if this action is to be considered as a suit for specific performance, a court of equity has some discretion whether or not to grant such a remedy. As previously held by this court, however, in *Renard v. Allen, supra,* at 417, the granting or withholding of such a remedy is not a matter "of grace." In this case, as in that case, "there are no elements present that would enable a court of equity, acting within the ambit of its discretion, to deny the remedy of specific performance."

For all of these reasons we hold that plaintiffs were entitled to judgment against defendants for the unpaid balance under the contract involved in this case.

Reversed and remanded with directions to enter judgment for plaintiffs in accordance with this opinion.