[Argued July 6, 1893; decided July 24, 1893.]

## KANE *v.* RIPPEY.

[ S. C. 33 Pac. Rep. 936.]

VENDOR AND PURCHASER — CONTRACT — ABSTRACT OF TITLE.—A purchaser of land under a contract by which the vendor agrees to furnish an abstract "showing a good and clear title free from defects" is entitled to recover back purchase money paid where the abstract furnished does not disclose a good title, although the title tested by the original record and conveyances and other facts not upon the face of the abstract is good and free from defects.

Jackson County: W. C. HALE, Judge.

Action by E. C. Kane against C. G. Rippey and Frank Amy to recover money paid on a contract for the sale of land. Judgment for plaintiff, and defendants appeal. Affirmed.

*Paine P. Prim,* for Appellants.

*William M. Colvig,* for Respondent.

MR. CHIEF JUSTICE LORD delivered the opinion of the court:

This is an action to recover money. The facts are, in substance, that the defendants made a contract with the plaintiff to sell him certain lands, and that they received five hundred dollars on the purchase price; that by the terms of the contract they were to furnish plaintiff with an abstract of title showing a good and clear title, free from defects, before he could make the next payment on the purchase price; that the defendants furnished an abstract, but not one showing a good title, free from defects; that the plaintiff tendered the defendants the balance of the purchase price, and demanded a compliance with their contract, which they failed and refused to do. On the trial the plaintiff offered in evidence the abstract of title which had been given to him by the defendants, and upon which he justifies his refusal to complete the purchase, claiming that it showed a defective title. The instruction of the court to the jury was to the effect that the abstract showed the title to be legally defective. The contention for the defendants is that the abstract showed a good title and one free from defects, and hence that the instruction was error.

This makes no less than three times that this case has been before us:   *Kane* v. *Rippey*, 22 Or. 296 (23 Pac. 180), and 22 Or. 299 (29 Pac. 1005). On the first appeal the bill of exceptions disclosed the fact that when the plaintiff offered in evidence the abstract of title, the trial court refused to admit it on the ground that it was not the proper evidence of title, but that the records or original conveyances were the only legal proof of title admissible. In the course of its opinion this court said: "The plaintiff was endeavoring to show, not that the abstract conveyed title, but that the abstract of such title furnished the plaintiff by the defendants did not exhibit the 'good title,

free from encumbrances,' that the defendants had agreed to convey. His position, in substance and effect, was that the defendants had agreed by their contract to assure him a good title, and to furnish him an abstract thereof from which its validity and marketable quality might be ascertained and determined, but that the abstract furnished him by them for this purpose, and which the plaintiff offered in evidence, and the court rejected, showed that the title was defective, or not such as would be in accordance with the terms of such contract." Whether or not the abstract disclosed such title as the defendant agreed to convey the court refused to de er.nine, saying that "the abstract is not before us for that purpose, but only to show its object as applied to the contract," and then adds: "When, therefore, the abstract was offered in evidence, it was not for the purpose of proving title by the abstract, but of showing that the abstract furnished did not disclose evidence of such title as the defendants had agreed to convey. It results that we think the abstract was admissible for the purpose offered, and that it was error to exclude it." Hence the judgment was reversed and a new trial ordered.

When the case came on to be heard the second time, by consent of the parties the trial was had before the court and without the intervention of a jury. The abstract was admitted in evidence, and the court ruled that it did not disclose any legal defects, or, as we must take it, in the light of the former opinion, that the abstract showed a good fee simple title, free from incumbrances, such as the defendants agreed to convey. As a consequence the court found that the plaintiff was not entitled to recover in the action, and rendered judgment in favor of the defendants for their costs and disbursements, from which judgment the plaintiff again appealed. It thus appears that the ruling of the trial court which was relied upon as error on the second appeal presented the same question as the

instruction which is relied upon as error on this appeal. Nor do we understand that counsel controvert this proposition, but they claim that the court failed to pass upon it and hence the question is still open for decision. While, as a matter of fact, the court did determine that the abstract furnished did not disclose such title as the defendants had agreed to convey, the opinion does not directly so declare; yet it follows as a consequence and is so announced. It is, as the court says, "for that reason and because the findings of fact are defective that the judgment is reversed." The decision then, upon that point, is the law of the case, and is conclusive upon the parties and the court. It may be true that the title tested by the original record and conveyances and other facts not upon the face of the abstract is good and free from defects. It may be true that the curative acts will obviate the objections suggested, and the statute of limitations bar the uncanceled encumbrance, but these are matters which may involve litigation or judicial inquiry to determine the validity of title. The title, as disclosed by the abstract, is not the good title the defendants agreed to convey.

The judgment must be AFFIRMED.