Argued October 4, reversed and remanded October 16, rehearing denied November 27, 1917.

# ANNAND *v.* AUSTIN.*

(167 Pac. 1017; 168 Pac. 725.)

**Vendor and Purchaser—Performance by Vendor—Sufficiency of Title —Abstract.**

1. A contract for the sale of land, which provided for payment of the balance of the price when title was found to be marketable by an abstract of title, was not performed by the vendor, where the abstract tendered by her was lacking in data from which the boundaries of the land could be definitely fixed, and disclosed an unsatisfied mechanic's lien, whether or not the title was actually marketable, as disclosed by the public records and by evidence other than that disclosed in the abstract.

[As to marketable title, and sufficiency of record title in that connection, see note in 132 Am. St. Rep. 1034.]

## ON PETITION FOR REHEARING.

**Vendor and Purchaser—Recovery of Price Paid—Variance.**

2. Where a vendor, sued for money paid by the purchaser, alleged performance on her part by furnishing an abstract showing clear title in her, she was not entitled to judgment on proof that the defects shown by the abstract were not serious, and that the purchaser did not question her extraneous explanations regarding them, as the allegations and proofs must agree.

**Trial—Findings—Conformity to Issues.**

3. Findings that the defects in the vendor's title disclosed by the abstract were not serious, and that plaintiff did not question the vendor's extraneous explanation thereof, during the negotiations, did not respond to the issues, nor support the judgment in favor of the vendor.

**Trial—Findings—Motion to Substitute.**

4. A motion to substitute other findings was an appropriate way of raising the point that the findings were not responsive to the issues.

**Exceptions, Bill of—Setting Forth Errors.**

5. Section 172, L. O. L., provides, relative to exceptions, that the statement of the exception, when settled and allowed, shall be signeᵈ and filed and deemed a part of the record, and that no exception need be taken or allowed to any decision to any matter of law, when entered in the journal or made wholly upon matters in writing and on file. *Held,* that where the findings were not responsive to the

*For authorities discussing the question as to what is a marketable title, see note in 38 L. R. A. (N. S.) 1.

On duty of vendor as to abstract of title, see note in 43 L. R. A. (N. S.) 44.　　　REPORTER.

issues, and plaintiff moved to substitute other findings, which motion was denied, it was not necessary that the specification of the error should appear in the bill of exceptions, as the decision was made upon matters in writing and on file.

From Multnomah: GEORGE N. DAVIS, Judge.

Action by Clara J. Annand against Emma M. Austin for money had and received. From a judgment in favor of defendant, plaintiff appealed. Reversed and remanded.

Department 1.    Statement by MR. JUSTICE BENSON.

This is an action for money had and received with a complaint in the usual form.

After a general denial, the answer contains the following affirmative allegation:

"That during 1914, the plaintiff and the defendant entered into a contract wherein and whereby the defendant, in consideration of the sum of $4000.00, agreed to convey to the plaintiff all of lots 8 and 9, in Arcadia, in Sec. 2, Tp. 2 South, R. 1 E. of the Willamette Meridian, Clackamas County, Oregon, and the plaintiff agreed to pay the said $4000.00 as follows: $500.00 down, and when title was found to be marketable by an abstract of title, the plaintiff agreed to pay the further sum of $3500.00, to be evidenced by a note and mortgage for that amount, payable in three years, and carrying interest at the rate of 6% per annum, payable quarterly, and to execute a note and mortgage accordingly covering the said property."

This is followed by allegations to the effect that plaintiff paid the $500, the money which she now seeks to recover; that defendant delivered to her an abstract; that the defendant had the same examined by her attorney who called attention to certain defects; that defendant cured the defects and returned to plaintiff the abstract with corrections; that defendant

is and at all times has been ready, able and willing to complete the contract by conveying a good, marketable title to plaintiff. Then follows a formal tender of performance.

The reply consists of denials. A trial was had without a jury resulting in a judgment for defendant from which plaintiff appeals.

REVERSED AND REMANDED.

For appellant there was a brief and an oral argument by *Mr. W. Y. Masters.*

For respondent there was a brief over the names of *Mr. Charles J. Schnabel* and *Mr. J. B. Ofner,* with an oral argument by *Mr. Schnabel.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. Plaintiff presents two contentions: (1) That the abstract of title furnished by defendant shows the title to be unmarketable; and (2) that since the contract pleaded by defendant rests in parol, it is void under the statute of frauds.

It will be observed that the contract pleaded by defendant called for payment as follows: "$500.00 down and when title was found to be *marketable by an abstract of title* the plaintiff agreed to pay the further sum of $3,500.00." From the stipulation of facts it appears that in July, 1914, negotiations were had between the parties hereto regarding a purchase by plaintiff of lots 8 and 9 in Arcadia Addition, Clackamas County, "but no formal or written contract was entered into between plaintiff and defendant as to the purchase of said property." On August 12, 1914, plaintiff gave defendant a check for $500 as a first payment on the lots. On October 15, defendant fur-

nished plaintiff an abstract of title which she submitted to her attorney and, on October 17, he gave her a written opinion thereon as follows:

"Portland, Oregon, October 17, 1914.
"Mrs. John Annand, City.

"Dear Madam: I have examined the accompanying abstract prepared by the Clackamas Abstract & Trust Company and the Clackamas Title Company as to title to lots 8 and 9 in Arcadia, in section 2, Township 2 South, Range 1 East in Clackamas County, Oregon, and also the blue print map of Arcadia accompanying said abstract, and from such examination, hereby certify:

"(1) That there are numerous interlineations. which appear throughout the abstract of material matters which I have to assume are made by the abstractors, but there is nothing in the abstract to show this fact. The abstract is certified by the abstractor personally to the parties ordering the abstract, and his liability would be only to these parties so you would have no recourse on him if error has been committed in the abstract.

"(2) On page 24 there is a mortgage from Addie Godfrey and F. H. Godfrey to John A. Confer. This mortgage is assigned at page 26 by Joseph A. Confer. I am informed that this an error in the abstract and the records show John A. Confer. According to this abstract this mortgage is improperly assigned.

"(3) In the deed from John A. Confer in Portland & Willamette Valley Ry. Co. set out on page 17 of the abstract the description runs northerly along the west boundary of the 50 acre tract described in the fore part of the deed and thence North 31 Deg. 30′ East 13 chns. to a point; thence Northerly along the middle of the present traveled county road to a point from which a stake known as Station 205 on the center line of the Portland & Willamette Valley Ry. Co. as now located, bears South 57 Deg. 30′ East distant 194 ft. and the balance of the description refers largely to stakes along this railroad survey. There is no

record of this railroad survey in the abstract and I am also informed that the railroad company have no record of it, so that it is impossible to locate this boundary line.

"(4) The dedication of Arcadia set out on page 55 of the abstract described a tract of land containing 50 acres except about 6¾ acres sold to Portland & Willamette Valley Ry. Co. and also excepting land sold to Johnson, Standfer & Anderson, winds up by saying the land especially to be conveyed by this deed is a triangular parcel of 3 acres more or less within the above-bounded tract and lying West of and adjoining the right of way of the Portland & Willamette Valley Ry. Co. It is quite evident from the map that Arcadia contains more than 3 acres, but it is impossible without having the definite location of the stakes of the railroad survey to tell whether the boundaries of the lots shown on the plat of Arcadia are within the boundary of the land owned by F. F. Johnson and attempted to be platted as Arcadia.

"The last extension of the abstract by the Clackamas Title Company shows a lien filed by Edward H. Cousins for $660, which is still of record and unsatisfied.

"Yours very truly,
"W. Y. MASTERS."

Defendant's attorney then had the abstract company correct the abstract and cure all the defects except those numbered 3 and 4. From these it appears that the record is lacking in data from which to definitely fix the boundaries of the land and that there is of record an unsatisfied mechanic's lien for the sum of $660. The abstract does not disclose any remedy as to these, and, on November 9, 1914, plaintiff notified defendant that she rescinded the contract and demanded a return of the $500. This was refused and on December 1, 1914, defendant tendered to plaintiff a deed to the property and a proposed mortgage to be

executed by plaintiff and her husband, to secure the remainder of the purchase price, and demanded that plaintiff complete the transaction.

The defendant does not contend that the abstract of title discloses a marketable title, but urges that she has displayed to plaintiff a plat disclosing a survey of the premises and definitely fixing the location of the monuments, the absence of which from the record rendered the boundary uncertain. However, plaintiff insisted that such plat should be authenticated and placed of record, which has never been done. It is also urged that the notice of lien is so crudely and ignorantly framed that it does not constitute a valid encumbrance upon the property, but an exemplification of it is not displayed in the abstract. It is admitted that defendant tendered a warranty deed and money to cover the cost of revenue stamps and recording fees, but there has been no tender of an abstract which discloses a cure for the defects above noted. Under these conditions the question to be determined is not whether the title is actually marketable, as disclosed by the public records and by evidence other than that disclosed in the abstract. In a case which is practically a counterpart of the one at bar, this court speaking by Mr. Chief Justice LORD said:

"It may be true that the title tested by the original record and conveyances and other facts not upon the face of the abstract is good and free from defects. It may be true that the curative acts will obviate the objections suggested, and the statute of limitations bar the uncanceled encumbrance, but these are matters which may involve litigation or judicial inquiry to determine the validity of title. The title, as disclosed by the abstract, is not the good title the defendants agreed to convey": *Kane* v. *Rippey*, 24 Or. 338 (33 Pac. 936).

The conclusion reached in that case has never been questioned by this court and is controlling in the present. It matters not whether the contract is valid or void by reason of the statute of frauds since in either event the defendant has not complied with its terms. The judgment is reversed and the cause is remanded for further proceedings not inconsistent herewith.

REVERSED AND REMANDED.

REHEARING DENIED. ·

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.

---

Denied November 27, 1917.

ON PETITION FOR REHEARING.

(168 Pac. 725.)

Petition for rehearing denied.

*Mr. Charles J. Schnabel* and *Mr. J. B. Ofner,* for the petition.

*Mr. W. Y. Masters, contra.*

Department 1.   MR. JUSTICE BURNETT delivered the opinion of the court.

An opinion written by Mr. Justice BENSON reversed a judgment of the Circuit Court in favor of the defendant and she has filed a petition for rehearing which has had our attention.

We recall that the complaint was in the ordinary form to recover for money had and received to the use of the plaintiff.

The substance of the answer was that the defendant received the money as an initial payment on a contract whereby she agreed to convey to plaintiff some real

property and furnish with it an abstract showing clear title on the vendor. She pleads that she supplied such an abstract and now tenders performance of the remainder of the agreement upon corresponding compliance on the part of the plaintiff. Issue having been joined on the answer, the defendant offered only oral testimony to prove the alleged covenant to sell land. The abstract put in evidence did not show clear title to the land vested in Mrs. Austin. The findings were to the effect, however, that while the abstract disclosed certain defects they were not in fact serious and that the plaintiff did not question the extraneous explanations which were made of them on behalf of the defendant during the negotiations about the proposed sale. The plaintiff attacked these findings and moved that others determining the issues in her favor be substituted, but her motion was denied. Under these conditions, the defendant now urges that the only thing to be considered is whether the findings will support the judgment. Let us view the case from that angle.

2, 3. As she had a right to do, the defendant stated the contract under which she received the plaintiff's money, including the stipulation to furnish an abstract of the kind mentioned, and alleged that she has thus far performed her covenant. Her averments having been challenged by the reply, it was incumbent upon her to prove them as laid, for it is hornbook law that the allegations and proofs must agree. It is equally axiomatic that the verdict must be responsive to the issue. In this instance the condition portrayed in both the evidence and the findings is that the abstract indeed failed to show perfect title in the defendant, but that she otherwise made explanation of the apparent defects. In other words, she averred performance and attempted to prove a waiver of it. By analogy, this

course is contrary to the rule laid down to the effect that a party, having taken a position in his pleading, cannot shift his ground during the trial nor mend his hold, except by proper amendment: *Lillienthal* v. *Hotaling Co.,* 15 Or. 371 (15 Pac. 630); *Deering* v. *Creighton,* 19 Or. 118 (24 Pac. 198, 20 Am. St. Rep. 800); *Bruce* v. *Phoenix Ins. Co.,* 24 Or. 486 (34 Pac. 16); *Long Creek Building Assn.* v. *State Ins. Co.,* 29 Or. 569 (46 Pac. 366); *Hannan* v. *Greenfield,* 36 Or. 97 (58 Pac. 888); *Young* v. *Stickney,* 46 Or. 101 (79 Pac. 345).

4, 5. In the light of these principles, the findings, tantamount to a verdict as they are, neither respond to the issue nor support the judgment. The plaintiff raised the question appropriately by her motion to substitute other findings and as the decision on that point was made upon matters in writing and on file, it is not necessary that specification of the error should appear in the bill of exceptions: Section 172, L. O. L. The petition for rehearing is denied.

Reversed and Remanded.
Rehearing Denied.

Mr. Chief Justice McBride, Mr. Justice Benson and Mr. Justice Harris concur.