Argued October 3, reversed and dismissed November 14, 1922, re-
hearing denied January 2, motion to recall mandate and rehear-
ing denied March 6, 1923.

# WURFEL v. BOCKLER ET AL.

(210 Pac. 213.)

**Vendor and Purchaser—Vendor so Contracting must Furnish Ab-
stract Showing Merchantable Title.**

1. Where vendee contracts to furnish abstract showing merchant-
able title without defects, that contract is not performed, no matter
how good the title in fact may be, unless vendee is furnished such
abstract.

**Vendor and Purchaser—"Perfect Title" must be not Only Good in
Fact, but Apparently Perfect When Exhibited.**

2. A good and "perfect title" is not only good in fact, but must
be apparently perfect, that is, free from reasonable objection when
exhibited, and it is insufficient that it can be shown good as the
result of action instituted to reform defects.

**Vendor and Purchaser—Decree by Publication not One Year Old,
Quieting Title Against Defendants, Does not Show Merchantable
Title by Abstract.**

3. A decree less than one year old, quieting title and running
against defendants summoned by publication where attached to an
abstract, does not fulfill vendor's obligation to furnish abstract
showing merchantable title, since under Section 59, Or. L., defend-
ants against whom publication was ordered may defend within one
year after entry of judgment.

**Vendor and Purchaser—Vendor has Reasonable Time to Perfect
Title.**

4. Vendor, agreeing to cure title defect "in shortest practicable
time" after delivering abstract, has reasonable time for that purpose
before vendee can rescind.

**Vendor and Purchaser—Vendee in Possession cannot Rescind, Unless
Giving Reasonable Notice and Restoring Status Quo.**

5. Prior to rescission, a vendee placed in possession should give
reasonable notice and take appropriate steps to restore *status quo*.

From Clackamas: JAMES U. CAMPBELL, Judge.

---

2. Authorities passing on the question as to what is a marketable
title, see notes in 132 Am. St. Rep. 991; 38 L. R. A. (N. S.) 3.

Admissibility of opinion evidence as to marketability of title to
realty, see note in 21 Ann. Cas. 840.

Department 1.

REVERSED. REHEARING DENIED. MOTION TO RE-
CALL MANDATE AND REHEARING DENIED.

For appellants there was a brief over the names of
*Messrs. Sweek & Fouts, Mr. Grant B. Dimick* and
*Mr. W. L. Mulvey,* with oral arguments by *Mr. Dim-
ick* and *Mr. Milton W. Smith.*

For respondent Wurfel there was a brief and oral
argument by *Mr. Philip L. Hammond.*

For respondent The Ralph C. Ackley Land Com-
pany there was a brief over the name of *Mr. F. M.
Phelps.*

BURNETT, C. J.—On December 30, 1919, Charles
Bockler, one of the defendants here, as party of the
first part, and J. J. Wurfel, plaintiff here, as party
of the second part, made a written contract with each
other whereby Bockler agreed to buy and Wurfel
agreed to sell to Bockler certain real property de-
scribed in the contract as lots 2, 3, 10 and 11 in Block
1 in the town of Barlow, Oregon.   Further conditions
of the agreement are as follows:

"The second party promises and agrees to furnish
to the first party an abstract showing a merchantable
title free from all encumbrances, which said title shall
be furnished within ten days from date thereof and if
said abstract shall disclose defects, the second party
shall within the shortest practical time thereafter,
proceed to cure such defects in the manner provided
by law.

"It is mutually agreed and understood between the
parties hereto that this sale be consummated within
five days after delivery of good merchantable title
to the first party.

"It is further understood and agreed between the parties hereto that the first party shall move on the premises and take possession on or before December 31, 1919.

"As an earnest of his intention and ability to perform his part of this contract, the first party has deposited $4,000 with the Ralph Ackley Land Company.

"This $4,000 to apply on the $4,200 cash payment and the balance of $200 to be paid within thirty days from date, the said $4,000 to be paid on delivery of bill of sale and deeds.

"If good merchantable title to said property cannot be furnished by either of the parties, it is understood and agreed by all parties hereto that this $4,000 shall be returned to the first party."

The plaintiff as vendor sues to compel specific performance of the contract. The Bocklers defend on the ground that the plaintiff has not good title to lot 11 of Block 1 and that the title thereof is in one C. E. Nason. The Bocklers pray that the agreement be abrogated, that the Ralph Ackley Land Company be compelled to refund to Charles Bockler the money held in escrow, and that an accounting be had between the parties, and for further relief.

The original abstract disclosed a line of conveyances covering lot 11, from the donee of the general government to C. E. Nason, but did not show any transfer of title from Nason. Although possession of the property in question had been surrendered to Bockler and he was then the occupant thereof, Wurfel began a suit to quiet title and so remedy the defect mentioned, making defendants by name the widow and children of Herbert Nason, a deceased son of C. E. Nason, and "also all other persons or parties unknown claiming any right, title, estate, lien or interest in the real estate described in the complaint herein,"

acting under Section 10,143, Or. L. That section reads thus:

"In any suit or action brought to determine any adverse claim, estate, lien or interest in real property, or to quiet title to real property, the plaintiff may include as a defendant in such suit or action, and insert in the title thereof, in addition to the names of such person or parties as appear of record to have, and other persons or parties who are known to have, some title, claim, estate, lien or interest in the lands in controversy, the following, viz.: 'Also all other persons or parties unknown claiming any right, title, estate, lien or interest in the real estate described in the complaint herein.' And service of summons may he had upon all such unknown persons or parties defendant by publication as provided by law in cases of nonresident defendants."

Wurfel obtained a decree quieting title, and offered it in evidence at the trial of this suit. He also exhibited in evidence deeds from W. E. Nason and Viva Nason, his wife, Affie E. Spalding, a widow, and Mayme A. Greenstreet and G. W. Greenstreet, her husband, to himself, covering the lot in question, together with an affidavit of Della N. Cuddy that she and W. E. Nason, Affie E. Spalding, Mayme A. Greenstreet and Herbert Nason, deceased, were all the children, and only heirs, of C. E. Nason; and that said C. E. Nason and his wife were both dead. Della N. Cuddy and her husband had previously conveyed lot 11 to one of Wurfel's predecessors in title.

1. Remembering that the contract called for "an abstract showing a merchantable title free from all encumbrances," we find that the rule has been established many years in this state, as shown by the syllabus to *Kane* v. *Rippey*, 24 Or. 338 (33 Pac. 936), to the effect that:

"A purchaser of land under a contract by which the vendor agrees to furnish an abstract 'showing a good and clear title free from defects' is entitled to recover back purchase money paid where the abstract furnished does not disclose a good title, although the title tested by the original record and conveyances and other facts not upon the face of the abstract is good and free from defects."

Summing up the discussion of the doctrine that where the vendee contracts not only for the purchase of the land but also for an abstract showing a merchantable title to the land free from defects, the contract is not performed without the furnishing of such an abstract, no matter how good the title in fact may be, Mr. Chief Justice LORD wrote:

"It may be true that the title tested by the original record and conveyances and other facts not upon the face of the abstract is good and free from defects. It may be true that the curative acts will obviate the objections suggested, and the statute of limitations bar the uncanceled encumbrance, but these are matters which may involve litigation or judicial inquiry to determine the validity of the title. The title as disclosed by the abstract is not the good title the defendants agreed to convey."

See also *Lockhart* v. *Ferrey,* 59 Or. 179 (115 Pac. 431), and *Annand* v. *Austin,* 86 Or. 403 (167 Pac. 1017, 168 Pac. 725).

2. In *Peckham* v. *Stewart,* 97 Cal. 197 (31 Pac. 928), the precept is thus stated:

"A good and perfect title is one which is not only good in point of fact, but it also must be apparently perfect when exhibited, that is, free from any reasonable objection. It is not sufficient that it can be shown to be good as the result of an action instituted for the purpose of reforming defects existing in any deed which is necessary to make the chain of title complete."

In *Fagan* v. *Hook,* 134 Iowa, 381 (105 N. W. 155), this language is used:

"The title may be good, but one to whom an ab-. tract showing good title has been promised as a condition precedent, is not bound to accept any evidence thereof except that contained in the abstract. The vendee in such a case is not required to accept or rely on parol evidence of title or information *dehors* the record or the word of the vendor."

The principle is, that an abstract is an epitome of the substance of the record of titles, and a title cannot rest even partly in parol when tendered in performance of a contract calling for a clear title abstract. It is plain that there is no record of the divestiture of C. E. Nason's title, unless the suit to quiet title can be called such. It may be true that Della N. Cuddy and those whom she names as her sisters and brothers are the only heirs of C. E. Nason, but this rests in parol. There is no legal adjudication of that fact, unless it can be found in the suit to quiet title wherein "all other persons or parties unknown" are made defendants.

3. After the court had taken the case under advisement in this suit, the plaintiff Wurfel appeared in the suit which he had previously brought to quiet title, and moved the court to set aside the decree therein, to permit him to amend his complaint and issue a new summons and publish the same. This was permitted and he republished his summons and took a decree, armed with which he applied to the court and was allowed to reopen this case; whereupon he introduced in evidence the new decree in the suit to quiet title, and in a few days the court rendered a decree in favor of the plaintiff, from which this appeal was taken. The question is: Does this decree annexed to the abstract show a merchantable

title? The decree in the suit to quiet title had been rendered less than a month before it was introduced in evidence as part of the abstract. Whatever may be said of the potency of a decree against parties unknown, in a suit to quiet title, it is yet affected by Section 59, Or. L., reading as follows:

"The defendant against whom publication is ordered, or his personal representative, on application and sufficient cause shown, at any time before judgment, shall be allowed to defend the action; and the defendant against whom publication is ordered, or his representatives, may in like manner, upon good cause shown, and upon such terms as may be proper, be allowed to defend after judgment, and within one year after the entry of such judgment on such terms as may be just; and, if the defense be successful, and the judgment or any part thereof have been collected or otherwise enforced, such restitution may thereupon be compelled as the court shall direct. But the title to property sold upon execution issued on such judgment, to a purchaser in good faith, shall not be thereby affected."

4. At the time the last decree in the suit to quiet title was exhibited as part of the abstract, it was not conclusive. It was subject to Section 59, Or. L., and left the title yet in doubt to that extent. For at least a year after its rendition, any defendant named or "unknown" might have appeared and assailed the title. Measured by the rule in *Kane* v. *Rippey, supra,* the abstract did not disclose a merchantable title free from defects, however perfect it may have been in point of fact when tested by what parol evidence might have been adduced in support of title by prescription or the like.

The defendant Bockler is not entitled to a rescission of the contract on the showing he makes in the record. The agreement was not to be performed ab-

solutely and strictly within any fixed period of time. True enough, the required abstract was to be furnished within ten days from the date of the contract, but that instrument further provides that if defects in title appear in the abstract, Wurfel shall proceed to cure them "in the shortest practical time thereafter." Until a reasonable time for that purpose has elapsed without correction of defects, Bockler has no right to rescind, and even then he could not abrogate the agreement without giving reasonable notice thereof and taking appropriate steps to restore the *status quo* existing prior to the making of the contract, all of which he must state in his pleadings. Nothing of this nature appears in the Bockler answer and hence the contract cannot be annulled at the request of the defendants.

The situation then is that the plaintiff cannot enforce specific performance because he himself has not performed the contract, in that the abstract he tendered does not disclose a merchantable title. The defendants Bockler cannot rescind because they have not stated a case in their pleading authorizing that result. This suit was at least premature. Neither party shows a case warranting relief. The decree of the Circuit Court is accordingly reversed and the suit dismissed without prejudice.

REVERSED AND SUIT DISMISSED. REHEARING DENIED. MOTION TO RECALL MANDATE AND REHEARING DENIED.

McBRIDE, HARRIS and RAND, JJ., concur.