Argued March 10, affirmed March 29, 1927.

## TONE BOCKLER *v.* J. J. WURFEL ET AL.

(254 Pac. 353.)

**Appeal and Error—Assignment of Error, not Discussed in Brief, is Waived.**

1. Assignment of error, as to defect in vendor's title, *held* waived on appeal where there was no discussion of that subject in purchaser's brief.

**Specific Performance—Purchaser Held to Acquire Equitable Title to Property Sold, Requiring Him to Pay Balance of Purchase Price to Vendor Who had Perfected Legal Title.**

2. Where purchaser took possession of property, including store and its stock of goods, and retained them more than five years, paying $4,000 of the purchase price, *held* that contract of sale was partly performed so that purchaser, at least, had an equitable title to the property, requiring him to pay balance of purchase price to his vendor who had perfected his legal title at time of suit.

**Equity—Equity, Having Taken Cognizance of a Cause, will Retain It for Complete Settlement of Disputes.**

3. Where all parties have submitted themselves to equitable jurisdiction of the court, the court will retain cognizance of the cause for the complete settlement of all disputes involved.

---

Equity, 21 C. J., p. 134, n. 5, p. 138, n. 28, p. 140, n. 48.

1. See 2 R. C. L. 178.
3. See 10 R. C. L. 370.

From Multnomah: ROBERT TUCKER, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief over the name of *Mr. Alex. Sweek,* with an oral argument by *Mr. Milton W. Smith.*

For respondent J. J. Wurfel there was a brief and oral argument by *Mr. Philip Hammond.*

For respondent The Ralph Ackley Land Co. there was a brief and oral argument by *Mr. F. M. Phelps.*

BURNETT, C. J.—On December 30, 1919, Charles Bockler, one of the defendants here, as party of the first part, and J. J. Wurfel, another of the defendants, made a written contract with each other whereby Bockler agreed to buy and Wurfel agreed to sell to Bockler certain real property described in the contract as lots 2, 3, 10 and 11 in Block 1 in the town of Barlow, Oregon, containing store building and fixtures, also a clear bill of sale of all merchandise then on hand including a kitchen range located in said building, with exceptions not important here. The property was valued by the contract at $7,500, to be paid as follows: $4,200 cash and the conveyance to Wurfel by good merchantable title of a lot in Portland. It was agreed that the sale should be consummated within five days after delivery of a good merchantable title to Bockler and that he should move on to the premises and take possession on or before December 31, 1919. Quoting the contract:

"As an earnest of his intention and ability to perform his part of this contract, the first party (Bock-

ler) has deposited $4000.00 with the Ralph Ackley Land Company.

"This $4000.00 to apply on the $4200.00 cash payment and the balance of $200.00 or more to be paid within thirty days from date; the said $4000.00 to be paid on delivery of bill of sale and deeds."

Bockler took possession of the Barlow property about December 31, 1919, and remained there conducting the store for about five years afterward.

There was considerable delay in perfecting the abstract but conceiving that he had a perfect abstract, Wurfel began suit for specific performance against Bockler and his wife. The defendants Bockler in that suit challenged Wurfel's title to lot 11 of the Barlow property and prayed that the agreement be abrogated, that the Ralph Ackley Land Company be compelled to refund to Charles Bockler the money held in escrow, and that an accounting be had between the parties, and for further relief. The upshot of that suit was that on appeal to this court it was determined that neither party was in position to compel specific performance or to rescind the contract because Wurfel's title was objectionable and because Bockler had no title whatever to the Portland property, it being owned by his wife, who was not a party to the contract and the suit was dismissed, all of which is recited in *Wurfel* v. *Bockler et al.,* 106 Or. 579 (210 Pac. 213).

As an aftermath of that litigation, the plaintiff here, wife of the defendant Charles Bockler, commenced this suit against Wurfel to quiet her title to the Portland property. Wurfel countered by bringing in as defendants, under direction of the court, the other parties to the contract, Charles Bockler and the Ralph Ackley Land Company, and after denying the

allegations of the complaint, except as stated in his separate answer, went on and charged substantially that in making the contract alluded to, which was signed by Wurfel, Charles Bockler and Ralph Ackley, representing the Ralph Ackley Land Company, Bockler was acting as agent for his wife, the plaintiff here, and that she was really an actor in the contract and bound to carry out its provisions. This in turn was denied by the plaintiff. After a hearing on the issues made by the pleadings, the court entered a decree, in substance, declaring that the plaintiff, Tone Bockler, is the owner in fee simple of the Portland property and that the defendant Wurfel has no interest therein. Likewise, it was decreed that Wurfel should recover from the defendant Charles Bockler the sum of $3,500 with interest from December 31, 1919, until paid and his costs herein, and made the decree a first lien upon the Barlow property and merchandise and fixtures now in the store building on the premises. The decree further provided that Bockler was entitled to have the Barlow property conveyed to his wife subject to the lien in favor of Wurfel in the sum of $3,500; that the suit should be dismissed as to the defendant Ralph Ackley Land Company, with costs in its favor against Charles Bockler; that the latter's cross-complaint for rescission of the contract be dismissed, and that his demurrer to the amended reply of the defendant Wurfel was overruled. Other details of the decree are unimportant. The Ackley Land Company had previously paid to Wurfel the $4,000 left with it on deposit. The defendant Charles Bockler appealed from this decree. No others of all the parties attack it.

The assignments of error by Bockler are, first, that the court erred in entering a decree for Wurfel and

against Bockler; second, in entering a decree in favor of the Ralph Ackley Land Company against Bockler; and third, in not finding that the contract had been rescinded and in not finding a decree in favor of the defendant Charles Bockler. A fourth assignment is as follows:

"The court erred in finding that the title to the real property located in Barlow, Oregon, described in the said contract was a merchantable title when two unprobated estates were shown to exist in the chain of title thereof, and a deed was made to Wurfel Bros., without any indication as to who composed the firm."

It is stated in the brief of the appellant that immediately on the rendition of this decree, Wurfel issued execution and sold the Barlow property, becoming the purchaser thereof, and the only argument advanced is that:

" * * * The defendant Wurfel has gotten all of his property back, he stands in exactly the same position as when the contract was made and still undertakes to retain the $4000.00, which was paid to him."

1. It seems from the evidence that since the former suit was dismissed, as stated, Wurfel has perfected his title to the Barlow realty and has tendered Bockler a deed and abstract showing complete title to the same, all of which has been refused by Bockler. At any rate, there is no discussion of that subject in Bockler's brief and any defect in the title is deemed, therefore, to be waived in our consideration of the case.

2, 3. The argument here for Bockler, quoted above, is fallacious. Having taken possession of the Barlow property, including the store and its stock of goods and having retained them more than five years, the

contract was partly performed so that Bockler had at least an equitable title to the property on which he had to all intents and purposes paid $4,000 of the purchase price. It transpired that he could not perform the remaining part of the contract because he had no title to the Portland property which he was to turn in on the purchase price. It was agreed in the contract that the value of the Barlow property including the merchandise was $7,500. Consequently, in equity and good conscience, he owed Wurfel that balance of $3,500. The parties are all before the court, having submitted themselves to its equitable jurisdiction. Equity having taken cognizance of the cause will retain it for the complete settlement of the disputes. Having determined, and justly so, that Bockler owed Wurfel $3,500, it was proper to enter a decree in Wurfel's behalf for that amount. Possessed of such a judgment, Wurfel could issue execution and levy upon whatever property of Bocklers he could find. He, indeed, did levy upon the Barlow property and sold it at a sale under the decree at which Bockler or anyone else could have bid and become a purchaser.

It is not by the mark for Bockler to say in argument that Wurfel is now in the same position he was before the contract was made. Bockler has had the use of the property and business for over five years and he makes no account of that. For all that appears, he may have made great profit so that he himself is now in a better condition than he was at the beginning of the negotiations. Indeed, in cross-examination about how he came to contract to sell his wife's property without her authority and speaking of the business at Barlow, he said:

" * * If I got to run that thirty days and the business was any account at all, I could have very easily

with the thousand dollars have paid that thing off, if the business was any account at all.''

The thousand dollars mentioned is in allusion to an amount he said the Ackley Land Company had promised to loan him to carry out the contract, which, however, is denied by the other·parties.

Briefly stated, the situation is this: With all parties submitting themselves to the jurisdiction of the court of equity, that tribunal with its flexible procedure has practically carried out specific performance of the contract, making reparation to Wurfel for failure to acquire the Portland property by giving him a decree against the other contracting party for the balance of the stipulated value ·of the Barlow holdings.

Under these circumstances, the decree of the Circuit Court is affirmed.                    AFFIRMED.

McBRIDE, RAND and COSHOW, JJ., concur.