Argued and submitted December 10, 1979, reversed and
remanded with instructions March 10, 1980

## SMITH,
*Appellant,*
*v.*
## HICKEY,
*Respondent.*

### (No. 53936, CA 14824)

607 P2d 787

Myron L. Enfield, Salem, argued the cause for appellant. On the brief was Enfield & McConville, Salem.

Paul H. Kuebrich, Albany, argued the cause for respondent. With him on the brief was Roger H. Reid, Albany.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, C.J.*

JOSEPH, P.J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

## JOSEPH, P.J.

In an action for specific performance of an irrevocable option granted in a lease between the parties, the trial court ruled that the failure of plaintiff to pay property taxes as agreed was a breach of the lease agreement and therefore denied the requested relief. Plaintiff assigns as errors: (1) failure to decree specific performance after defendant testified that he would have allowed plaintiff to execute the option; (2) the finding that the failure to pay taxes was a breach of the agreement; and (3) the finding that defendant had not waived the breach. We review *de novo. Larson v. Trachsel,* 282 Or 247, 250, 577 P2d 928 (1978).

In January, 1974, plaintiff entered into a five-year agreement to lease from defendant real property encompassing a slaughterhouse operation. Paragraph VII of that agreement gives plaintiff an option to purchase:

> "At any time within the lease period herein, the said DAROLD SMITH shall have an irrevocable option to purchase said business and premises together with the real property being a part thereof for the sum of $70,000.00 in cash. ***"

Paragraph V requires taxes to be paid by plaintiff:

> "It is expressly agreed and understood that the said Second Party DAROLD SMITH shall pay all taxes as of and from the 1st day of January, 1974, both real and personal and all assessments which may be levied by any governmental agency, whether City, County, State or otherwise ***."

In the spring of 1978 defendant received a foreclosure notice for failure to pay property taxes from 1974 through 1977. Tax notices from Linn County had been sent to defendant, who neither forwarded them to plaintiff nor notified him of any delinquencies. Defendant paid the delinquent taxes, but did not mention the matter to plaintiff. In August, 1978, plaintiff and his wife met with defendant to discuss exercising the option to purchase the business. Defendant

expressed surprise and then informed them for the first time that they were in default because the taxes had not been paid. Nonetheless, defendant indicated that the transaction would proceed, the taxes to be repaid at the time of purchase. On October 5, 1978, defendant's attorney wrote plaintiff that defendant considered the nonpayment of taxes a breach of the agreement and desired to terminate the lease. On October 10, 1978, plaintiff tendered the back taxes in full and advised defendant that he wished to exercise the option. By letter from his attorney defendant refused on the following day.

On December 6, plaintiff gave formal notice of the exercise of the option. Thereafter defendant ordered a preliminary title report, and plaintiff paid the property taxes for 1978-79. Through December, 1978, defendant continued to accept rental payments from plaintiff. On January 10, 1979, defendant's attorney wrote to plaintiff's attorney attempting to add other costs to the option price. Subsequently plaintiff brought this action to compel specific performance of the option.

At the close of the trial the court ruled:

"The Court's findings is that the lease here has been breached by the failure of the plaintiff to pay the taxes.

"The Court further finds that there's been no waiver of breach on the part of the defendant, and, therefore, the lease is effectively terminated, and, therefore, the right to exercise an option is terminated also."

Nonpayment of taxes was grounds for termination of the lease agreement by defendant. When defendant learned of the nonpayment of taxes, he had an election either to terminate the lease on account of the breach or to waive his right to terminate and continue the agreement in full force. This principle is stated in 5 Williston, Contracts, § 687, 292 (3d Ed 1961):

"The commonest case of election in the law of contracts arises where, with knowledge of a breach of

condition or a defense excusing performance, a promissor either refuses or continues to accept performance from the other party. As the only theory upon which the benefit of such performance can be rightly received is on the assumption of an election to continue the contract, that assumption is made if the injured party accepts further performance. [Citations omitted.]

"This principle was early established in the law of landlord and tenant. Acceptance of rent accruing after breach of condition with knowledge of the breach is a discharge of the breach." [Citations omitted.]

By failing to notify plaintiff of the breach and by continuing to accept rent from plaintiff, defendant elected to continue the lease agreement. Defendant's letter of October 5 could not effectively have terminated the lease because defendant had already waived the breach. By the terms of the agreement, the option was irrevocable during the term of the lease. The lease agreement not having been terminated, plaintiff was entitled to exercise the option.

It is true that plaintiff was at fault in not paying the taxes when due, but defendant neither forwarded the notices to plaintiff nor timely notified plaintiff of the delinquencies. By tendering the full amount of back taxes in October, 1978, plaintiff demonstrated that he was then ready, willing and able to perform. *See Comstock Manufacturing Co. v. Schiffman,* 113 Or 677, 683, 234 P 293 (1925). Literal and exact performance by plaintiff is not always necessary as a condition of securing specific performance of a contract (*Percy v. Miller,* 197 Or 230, 140, 251 P2d 463 (1953)), and the default here had no substantial effect on the total transactions. Under the circumstances in this case, specific performance should have been decreed in accordance with the option's terms.

Reversed and remanded with instructions.