Argued and submitted July 22, affirmed October 2, 1985, reconsideration granted
January 29, 1986
See 77 Or App 359, 713 P2d 623 (1986)

CASCADE INTERNATIONAL INVESTMENT CO.,
LTD, dba Capital Management Co., Ltd.,
*Respondent,*

*v.*

KEENE,
*Appellant,*

*and*

ELDER et al,
*Defendants.*

(16-82-07747; CA A32834)

707 P2d 615

Harold D. Gillis, Eugene, argued the cause and filed the brief for appellant.

Mark W. Perrin, Eugene, argued the cause for respondent. With him on the brief was Perrin & Gartland, P.C., Eugene.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This appeal is from a separate judgment in the action we considered in *Cascade International Investment Co. v. Keene,* 75 Or App 438, 707 P2d 610 (1985). The facts were set forth in that opinion, and we do not repeat them.

Trust I appeals from the judgment requiring it to specifically perform the land sale contract under which it is purchasing property from plaintiff. Trust I argues that plaintiff is not entitled to specific performance, because plaintiff is in the process of purchasing the property under the underlying Kreklau contract and does not have title to the property. *See Cascade International Investment Co. v. Keene, supra,* 75 Or App at 442, n 3. Therefore, according to Trust I:

> "One must hold legal title, and tender a deed, to real property in order to obtain specific performance. Plaintiff neither held legal title, nor tendered a deed, to the real property, and therefore was not entitled to a decree of specific performance. * * *"

Trust I cites four Oregon cases which it regards as supporting that proposition. Two of them, *Percy v. Miller et al.,* 197 Or 230, 251 P2d 463 (1952), and *Wurfel v. Bockler et al.,* 106 Or 579, 210 P 213 (1922), hold that the sellers seeking specific performance were not entitled to the remedy, because they could not perform or had not performed the specific obligations pertaining to title that *their contracts* expressly required. Conversely, in this case, the possession and tender of title that Trust I asserts are obligatory and that plaintiff cannot perform because of the Kreklau contract are expressly made subject to that contract by the contract between plaintiff and Trust I.[1]

*Smith v. Martin,* 94 Or 132, 185 P 236 (1919), the third case on which Trust I relies, seems to us to be marginally related, if at all, to the proposition Trust I advances. The court stated there:

> "* * * [T]he defendant does not tender performance in full.

---

[1] Among numerous other relevant provisions, the contract states:

"* * * Purchaser takes the described property subject to the terms and provisions of [the Kreklau] Land Sale Contracts, together with any amendments or addendums thereto. Purchaser covenants that he will do nothing which would cause Seller to be in default under the terms of said Land Sale Contract."

Neither has it entirely performed the covenants. Indeed, no tender is pleaded. It simply expresses its willingness to proceed. Under these circumstances, the court cannot decree specific performance by the seller, because the buyer has not specifically performed on its part. * * *" 94 Or at 146.

That statement does not imply that a party seeking specific performance must do anything more than its contract requires, let alone do the specific things Trust I maintains *all* sellers of real property must do as conditions precedent to obtaining specific performance.

In the fourth case on which Trust I relies, *Renard v. Allen,* 237 Or 406, 414, 391 P2d 777 (1964), the court said that "[i]n a suit for specific performance the vendor-plaintiff must tender a deed of the property into court" and that

"  "* * * [b]y tendering the deed to the vendee, or by depositing the same with the court, the vendor in legal effect expresses his intention to part with the title to the vendee, upon performance by the latter of the terms of the contract * * *.' " 237 Or at 416. (Quoting *Harris v. Halverson,* 192 Wis 71, 211 NW 295, 297 (1926)).

Those statements in *Renard* were *dicta* in the context of the court's discursive explanation of the relationship between specific performance and foreclosure suits. The statements were not intended to articulate a general rule applicable to all actions by sellers for specific performance of real property sale contracts.

To the extent that there is *any* authoritative basis for the rules Trust I suggests exist, they are not immutable rules. The flexibility of courts of equity in defining the nature of the performance that is required of a plaintiff in a specific performance action was reiterated in *Smith v. Hickey,* 45 Or App 139, 607 P2d 787 (1980):

"* * * Literal and exact performance by plaintiff is not always necessary as a condition of securing specific performance of a contract * * *." 45 Or App at 143.

*See, generally, Stan Wiley v. Berg,* 282 Or 9, 578 P2d 384 (1978).

In any event, there is nothing before us to suggest that plaintiff has not performed its contractual obligations

literally and exactly. Reduced to essentials, Trust I's argument is that plaintiff is not entitled to specific performance, because it has not performed certain obligations that are not yet required of it by the parties' contract. Trust I seeks aid from cases in which other purchasers resisted specific performance because the sellers failed to perform according to the terms of the contracts involved in those cases. The problem with Trust I's reliance on the cases is that it understands them to hold that the performance which the sellers failed to tender was required by general rules of law rather than by the contracts that the sellers sought to enforce. Trust I's understanding is incorrect. As the court said in *Percy v. Miller et al., supra:*

> "Equity will not compel an unwilling purchaser to accept a doubtful title * * *, and much less will it compel him to accept a title that is subject to substantial encumbrances, *unless that is his agreement.*" 197 Or at 240. (Emphasis supplied; citation omitted.)

■ What may come closer to being an immutable rule in specific performance cases than the rules Trust I advocates is that the plaintiff must prove that it is ready, willing and able to perform the contract, as distinct from its tendering performance. *See Braunstein v. Trottier,* 54 Or App 687, 698, 635 P2d 1379 (1981), *rev den* 292 Or 568 (1982). However, Trust I does not claim that the trial court erred by not concluding in this summary judgment proceeding that there was a fact question as to plaintiff's readiness, willingness and ability to perform.

■ Trust I also contends that the judgment should be reversed, because the persons with interests in the property under the Kreklau contract were necessary parties and were not joined. The interests of those persons cannot be adversely affected by the specific performance of the contract between plaintiff and Trust I; by its terms, that contract protects the interests of the Kreklau sellers in the property and in their contract with plaintiff. Plaintiff's failure to join them is not an error that Trust I may rely on as a basis for reversal in this case.

Affirmed.