Argued April 6, reversed and remanded with directions
May 10, 1967

SECURITY BANK OF OREGON, *Appellant, v.*
LEATHERS, *Respondent.*

427 P. 2d 409

*David J. Krieger,* Portland, argued the cause for appellant. With him on the brief were Black, Kendall, Tremaine, Boothe & Higgins, Portland.

*James W. Lock,* Gresham, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, LUSK and FORT, Justices.

SLOAN, J.

In September, 1963, plaintiff sold a residence property to defendant by a land sale contract. Defendant did not occupy the house until April, 1965. After that date and before October 15, 1965, defendant discovered that the house was infested with dry rot. He refused to make a substantial payment on the contract that was due October 15, 1965. Defendant refused to pay unless plaintiff would pay for the cost of repairing the area affected by the dry rot. Plaintiff refused and initiated this suit for specific performance. Defendant countered with a cross-complaint seeking rescission of the contract in the form of an abatement of the purchase price. The trial court refused to decree specific performance but did award plaintiff a decree of strict foreclosure of the contract. Defendant's prayer for rescission was denied. Plaintiff appeals.

Defendant did not allege that plaintiff, when it sold the house to him, had made any representation as to the condition of the structure of the house, or that plaintiff was guilty of fraud in any form. It is evident from the record that when the contract was executed the parties were equally innocent of any knowledge of the rot, or of any condition which would suggest that the rot then existed. It is simply a case in which calamity struck the buyer at some undisclosed time, apparently after the contract was executed.[1] For understandable reasons, defendant wants the plaintiff to share in the loss.

The trial court held that it would be inequitable to allow specific performance.

The nature of the judicial discretion that is avail-

---

[1] We are not required to decide in this case if ORS 93.290 (2) would apply.

able to a court in refusing to grant specific performance was examined and applied in *Temple Enterprises v. Combs,* 1940, 164 Or 133, 100 P2d 613, 128 ALR 856, a statement by Mr. Justice LUSK in that opinion is appropriate here:

> "Coming now to the defendants' claim that it would be inequitable to grant specific performance in this case and that the court should exercise its discretion to refuse the remedy, it must be remembered that the discretion of a court of equity in cases of this character is judicial in its nature and the relief is not 'of grace'; that, within the domain of equity, judicial remedies are not in any true sense discretionary but are governed by the established principles and rules which constitute the body of equity jurisprudence. *Wetherby v. Griswold,* 75 Or. 468, 474, 147 P. 388; *Hawkins v. Doe,* 60 Or. 437, 446, 119 P. 754, Anna. Cas. 1914 A, 765; Pomeroy's Specific Performance of Contracts 114, 116, §§ 36, 37. We do not find in this record any of those elements which should deter the granting of the relief sought." 164 Or 158.

The authorities on the subject were again exhaustively reviewed with the same result in *County of Lincoln v. Fischer et al,* 1959, 216 Or 421, 339 P2d 1084.

Nothing in the record in the instant case suggests that specific performance should be denied.

The decree is reversed and the trial court is directed to enter an appropriate decree of specific performance. *Renard v. Allen,* 1964, 237 Or 406 at 418, 391 P2d 777, 782.