Argued and submitted February 13, reversed and remanded on appeal; affirmed on cross-appeal April 12, 1989

PUZISS et al,
*Appellants - Cross-Respondents,*

*v.*

GEDDES,
aka MacGregor,
*Respondent - Cross-Appellant.*

(A8708-05209; CA A48804)

771 P2d 1028

Richard A. Uffelman, Portland, argued the cause for appellants - cross-respondents. With him on the briefs was Brown & Hansen, Portland.

George W. McKallip, Jr., Portland, argued the cause for respondent - cross-appellant. With him on the brief was Kennedy, King & Zimmer, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Plaintiffs are vendors under a land sale contract. They appeal a judgment of strict foreclosure,[1] arguing that they are entitled instead to specific performance of the contract. On *de novo* review, we reverse.[2]

In 1979, defendant Geddes bought a four-plex from plaintiffs for $65,000. She made a down payment of about $14,000. She sold the property to defendant Henreid in 1981, for $4,900, and assigned her rights and liabilities under the land sale contract to him. Thereafter, Henreid occupied the premises and dealt directly and exclusively with plaintiffs, but plaintiffs did not release Geddes from her obligations under the original contract. Between 1981 and July, 1987, Henreid made several late payments, which plaintiffs accepted without notifying Geddes. The contract called for a balloon payment of the balance in July, 1987. Henreid failed to pay. Plaintiffs filed this action the following month, seeking specific performance against Geddes and Henreid.[3] Geddes answered and asserted waiver, estoppel, novation, and accord and satisfaction as affirmative defenses. She also counterclaimed for

---

[1] The judgment provided, in pertinent part:

"2. The defendants Elizabeth M. Geddes and Ricardo T. Henreid, and anyone claiming by or through them, are hereby forever strictly foreclosed of any and all interest in the following real property:

"Lot 13, Block 18, LINCOLN PARK, in the City of Portland, Multnomah County, Oregon

"and that all interest of defendants in the real property, both at law, and in equity, are [*sic*] hereby vested absolutely in plaintiffs;

"3. All money previously paid by defendants upon the purchase price of the property belonging to plaintiffs, free of all claims of the defendants;

"4. This decree shall stand as a cancellation of the contract;

"* * * * *

"6. Plaintiffs have judgment against the defendants Elizabeth M. Geddes and Ricardo T. Henreid, and each of them for attorney fees in the sum of $2,250, and plaintiffs' costs in the sum of $581.50; and

"7. The Department of Judicial Administration/Sheriff of Multnomah County, Oregon shall place plaintiffs in immediate possession of the real property."

[2] Defendant Geddes cross-appeals. Our disposition of the appeal renders the cross-appeal moot, and we affirm on the cross-appeal.

[3] Plaintiffs also named Eves as a defendant, but the trial court dismissed the complaint against him before trial. Plaintiffs do not assign the dismissal, which was made part of the final judgment, as error.

attorney fees and for enforcement of the alleged settlement agreement. Henreid did not appear.

The trial court made these findings and conclusions:

"There's no question but that this property was sold for $65,000. I think there's no question but that [Geddes] was never released from an obligation by the assignment to the Henreids. She was not released as far as the sellers are concerned. So without more, I think you would be entitled to the relief that you ask for.

"[Geddes] has raised a number of affirmative defenses, a waiver, estoppel and so on. I don't think there's merit in any of them. Close is the suggestion that there was a settlement or a novation. I've read and reread the letters, and I really cannot say that I can read those letters to say that there was a meeting of the minds sufficient to constitute a new contract which would be enforceable at this time. So I can't deny the relief on that basis.

"What's left is the claim that this result would be inequitable and unconscionable * * *.

"* * * * *

"I suppose you could conclude that the property is just as valuable today as it was then, but maybe that's a little unrealistic. But even if we conclude that it was depreciated fifteen, $16,000 in value, if it were taken back by the sellers, if they were to take it in on foreclosure, they would get full value. They would get the property, which I say is worth $50,000, and they've already received fourteen and they've received income on this money.

"On the other hand Mrs. Geddes stands to lose substantially. She paid out $14,000. She thought she sold her interest in the contract at a loss of $10,000. She's suffered that already. Now she's going to end up with a judgment against her for $51,000 plus costs, and she'll have nothing.

"It seems to me that that is a highly inequitable result. It seems to me she suffers substantial detriment. And on the other hand, if I denied the prayer for [specific performance], the plaintiff is not hurt.

"I think that the only equitable result would be to deny the request for specific performance and, rather, require that this property be strictly foreclosed. And you will have a judgment or decree to that effect."

■ ■ After reviewing the record, we agree that Geddes

failed to prove any of the affirmative defenses. Waiver requires proof that plaintiffs consciously relinquished a known right. *Paine v. Meier & Frank Co.,* 146 Or 40, 46, 27 P2d 315, 29 P2d 531 (1934). The record does not show that plaintiffs relinquished their rights. Similarly, Geddes cannot prevail on the theory of novation, because she has not proved by a preponderance of the evidence that the parties mutually relinquished their rights under the original contract. *Dorsey et ux. v. Tisby et ux,* 192 Or 163, 234 P2d 557 (1951).

■ With respect to estoppel, Geddes did not demonstrate that she changed her position in reliance on anything that plaintiffs did. Detrimental reliance is a required element of estoppel. *Davidson v. Wyatt,* 289 Or 47, 57, 609 P2d 1298 (1980).

■ Finally, although they made considerable efforts and came close, the parties were unable to settle their dispute. Because they did not consummate an agreement, Geddes' defense of accord and satisfaction, as well as her counterclaim for enforcement of an agreement, fail. *Van Riper v. Baker,* 61 Or App 540, 543, 658 P2d 537, *rev den* 295 Or 122 (1983).

■ We turn, then, to plaintiffs' complaint. Although the trial court found and the record shows that plaintiffs had proved the facts alleged, the court declined to order specific performance on the ground that the result would be inequitable. The court reasoned that Geddes would suffer a significant loss, because property values had dropped substantially. Geddes asks that we affirm, because specific performance would be harsh or oppressive. Plaintiffs assert, on the other hand, that the trial court acted outside the permissible bounds of its discretion in refusing to order specific performance.

On *de novo* review we conclude that plaintiffs are entitled to specific performance.

> "[The trial court] found that the agreement in the case was definite; the consideration was adequate; enforcement of the agreement would not be harsh or oppressive; and there was no evidence of undue influence, fraud, deception, or overreaching. 'Therefore, [i]t follows that the plaintiff is entitled to a decree of specific performance * * *.' [*Temple Enterprises v. Combs,* 164 Or 133, 159, 100 P2d 613 (1940)]." *Renard v. Allen,* 237 Or 406, 417, 391 P2d 777 (1964).

In order to avoid specific performance on a theory of harshness or oppression, Geddes must show "inequities which appeal to the legal, as contrasted with merely the subjective, discretion of the court." *Shell Oil Co. v. Boyer,* 234 Or 270, 277, 381 P2d 494 (1963). It is not enough to show that she made a bad bargain. *Wittick v. Miles,* 274 Or 1, 8, 545 P2d 121 (1976); *Temple Enterprises v. Combs, supra,* 164 Or at 159. The parties' contract, entered into at arm's length several years before trial, gave plaintiffs the alternative remedies of strict foreclosure or specific performance. They chose the latter, and "there are no elements present that would enable a court of equity, acting within the ambit of its discretion, to deny the remedy of specific performance." *Renard v. Allen, supra,* 237 Or at 417-18; *see also Anderson v. Allison,* 256 Or 116, 471 P2d 772 (1970); *Security Bank v. Leathers,* 247 Or 79, 427 P2d 409 (1967).

Reversed and remanded on appeal; affirmed on cross-appeal.