**TUBE FORGINGS OF AMERICA, INC., an Oregon corporation, Plaintiff,**

v.

**WELDBEND CORPORATION, a foreign corporation, Defendant.**

Civ. No. 90–589–RE.

United States District Court, D. Oregon.

March 12, 1992.

**1151**

Lois O. Rosenbaum, Kevin Q. Davis, Anton U. Pardini, Stoel Rives Boley Jones & Grey, Portland, Or., for plaintiff.

Paul T. Fortino, Lawrence H. Reichman, Perkins Coie, Portland, Or., Thomas B. McNeill, John E. Muench, Alan E. Unterreiner, Mayer, Brown & Platt, Chicago, Ill., for defendant.

## OPINION

REDDEN, Chief Judge:

Plaintiff, Tube Forgings of America, Inc., brings an action against defendant, Weldbend Corporation, alleging unfair competition under both state and federal law (Lanham Act, 15 U.S.C. § 1125). Plaintiff is incorporated in Oregon, while defendant is a Delaware corporation. Both plaintiff and defendant manufacture and distribute carbon steel pipe fittings. Plaintiff alleges that defendant implies in allegedly false national advertising that its fittings are domestically manufactured when many of the fittings defendant sells are imported. Plaintiff alleges that defendant grinds the country-of-origin markings off the imported products, paints over the grind marks, and sells them as domestically manufactured. Plaintiff claims that distributors of fittings and flanges would have purchased its domestically manufactured products, were it not for defendant's misrepresentations. In addition, plaintiff alleges that defendant has falsely certified that its products satisfy the Buy American Act, 41 U.S.C. § 10a et seq.

Both parties now move for partial summary judgment. Plaintiff requests summary judgment on the issues of personal jurisdiction and defendant's affirmative defenses of unclean hands and estoppel. Defendant requests partial summary judgment to the extent that plaintiff seeks to recover any amount from defendant arising out of defendant's sale of fittings that were bevelled in the United States.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The materiality of a fact is determined by the substantive law on the issue. *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Asso.*, 809 F.2d 626, 630 (9th Cir.1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If the moving party shows that absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *T.W. Electrical*, 809 F.2d at 630.

## DISCUSSION

### 1. *Plaintiff's Motion Regarding Personal Jurisdiction*

 This issue has been raised, briefed and argued several times previously. In October 1990 this court denied defendant's motion to dismiss based on lack of personal jurisdiction. *See* Opinion, filed 10–19–90.

I found that:

> the evidence is uncontroverted that the defendant advertises in two national trade publications, that the defendant shipped $10,500 worth of fittings to a Portland shipping center of a Montana distributor, that defendant is paid directly from Oregon by a large multistate distributor of defendant's products headquartered in Oregon and that defen-

dant's representative admitted that it "manufactures pipe fittings and flanges and sells these products to customers located throughout the United States."

Opinion, 10–19–90, p. 6–7.

Personal jurisdiction was next raised by defendant's motion for summary judgment, and I again found that plaintiff's claims arise out of "direct and secondary sales of Weldbend fittings in Oregon" and denied defendant's motion. *See* Opinion, 11–18–91, p. 8.

Plaintiff now requests summary judgment on the issue of personal jurisdiction. I grant plaintiff's motion, finding that no questions of material fact exist on this issue. Plaintiff has demonstrated jurisdiction by a preponderance of the evidence. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

### 2. *Plaintiff's Motion on Defendant's Unclean Hands Defense*

 Plaintiff has moved for summary judgment against defendant's proffer of the affirmative defense of "unclean hands." The doctrine of unclean hands "bars relief to a plaintiff who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a plaintiff who has dirtied his hands in acquiring the right presently asserted." *Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 890 F.2d 165, 173 (9th Cir. 1989).

Plaintiff supported its motion by arguing, in part, that defendant fails to meet its burden of establishing the defense by clear, unequivocal and convincing evidence, and that "equitable defenses ... cannot bar relief which is necessary and in the public interest." *ALPO Petfoods, Inc. v. Ralston Purina Co.*, 720 F.Supp. 194, 214 (D.C.1989). In its Reply brief and during oral argument, plaintiff emphasized defendant's failure to come forward with any "clear and convincing" evidence, which defendant is required to proffer when raising the defense at trial, *American Home Products Corp. v. Johnson & Johnson*, 654

F.Supp. 568 (S.D.N.Y.1987), and to avoid summary judgment, pursuant to *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Defendant's evidence of material issues of fact in dispute consists of recitations of plaintiff's advertising, which defendant says portray plaintiff's products as being "completely domestic," while plaintiff's president acknowledged in deposition that since 1984 plaintiff has "sporadically" imported some seamless pipe, welded pipe, rough forgings, rough fitting forgings, and semi-fitted forgings.

In oral argument defendant referred to § 31:19 of J. Thomas McCarthy, *Trademarks and Unfair Competition*, at 597 (2d ed. 1984), apparently for the assertion that "courts sometimes say that the issue of plaintiff's conduct can only be determined at a full trial, and issue a preliminary injunction if plaintiff's case otherwise warrants it." Under § 31:17, McCarthy notes that some courts have held that:

> where the law invoked by the plaintiff is really for the protection of the public, unclean hands is not a defense. That is, if the evidence shows that plaintiff is engaging in inequitable practices, but defendant is also guilty of the unfair competition charged, an injunction should be granted notwithstanding the unclean hands maxim. It is better to remedy one wrong than to leave two wrongs at large. If defendant thinks that plaintiff is guilty of inequitable conduct, he should raise it in a counterclaim or in a separate suit against plaintiff.

*Id.* at 595. *See also U–Haul International, Inc. v. Jartran, Inc.*, 522 F.Supp. 1238, 1254–55 (D.C.Ariz.1981), *aff'd.* 681 F.2d 1159 (9th Cir.1982), which held that the unclean hands doctrine is clearly applicable in injunction actions under the Lanham Act. The court acknowledged that courts are reluctant to apply the unclean hands doctrine in all but the most egregious situations, and ruled that the "general disfavor" of the defense, the comparatively weak nature of the plaintiff's alleged unclean conduct, the failure to show public dissemination of the conduct, the lack of claimed

damages from the defendant, and public policy considerations all led to a finding that the plaintiff was not precluded from injunctive relief because of "unclean hands."

After a careful review of the evidence presented, and the authorities cited by both parties, I conclude that plaintiff is entitled to summary judgment. Defendant has failed to come forward with evidence sufficient to meet the burden applicable under *Anderson.*

This rationale for granting the motion—a lack of evidence of misconduct on the part of the plaintiff which would render the relief sought by plaintiff inequitable—is bolstered by additional grounds: consideration of the general disfavor with which the "unclean hands" doctrine is held and the public policy reasons supporting such disfavor. Plaintiff's motion for summary judgment is granted.

### 3. *Plaintiff's Motion on Defendant's Estoppel Defense*

Plaintiff moves for summary judgment on defendant's fourth affirmative defense, which asserts that plaintiff is estopped from pursuing its claims. A defendant asserting the defense of estoppel must prove that he changed his position in reliance on something plaintiff did. *ACRI v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1397 (9th Cir.), *cert. denied,* 479 U.S. 816, 107 S.Ct. 73, 93 L.Ed.2d 29 (1986). Detrimental reliance is a required element of estoppel. *Puziss v. Geddes*, 96 Or.App. 154, 771 P.2d 1028 (1989).

Plaintiff asserts that the "record is bare" of facts creating a triable issue of fact on whether plaintiff has engaged in wrongful conduct causing defendant to act to its disadvantage. Defendant does not attempt to rebut this argument, and I grant plaintiff's motion for summary judgment on defendant's estoppel defense.

### 4. *Defendant's Motion for Partial Summary Judgment*

■ Defendant seeks summary judgment against plaintiff to the extent that

plaintiff seeks to recover any amount from defendant arising out of defendant's sales of fittings that were bevelled in the United States. Defendant argues that the only actionable misrepresentations that could have occurred were in connection with defendant's sale of fittings that were *not* bevelled in the United States.

Plaintiff responds that it intends to demonstrate at trial that many of defendant's sales of fittings bevelled in the U.S. would not have occurred but for its illegal practices. Plaintiff argues that defendant's practice of selling fully manufactured foreign fittings as domestically manufactured have allowed defendant to sell *domestically* bevelled fittings at (presumably lower) prices reflecting the higher profit margins of the foreign fittings that defendant passes off as domestic.

Plaintiff argues that these factors have induced purchasers to buy defendant's fittings, both domestic and imported, when they otherwise would have bought fittings from plaintiff. Plaintiff argues that it intends to prove at trial that it has been injured by defendant's sale of domestically bevelled fittings as well as its sales of fittings manufactured abroad. Plaintiff contends that the jury should resolve the issue of whether a causal link between defendant's Lanham Act violations and defendant's sales of fittings bevelled in the U.S. exists. I conclude that this question should go to the jury; plaintiff can attempt to show that plaintiff and defendant are competitors, and a triable issue of fact exists as to whether defendant's alleged practice of selling imported fittings as domestically manufactured gave defendant an unfair competitive advantage with respect to overall product price and availability.

CONCLUSION

Plaintiff's motions regarding personal jurisdiction, the "unclean hands" defense and the estoppel defense are GRANTED. Defendant's motion for partial summary judgment on damages is DENIED.